The Toledo, St. Louis and Western Railroad Co.

*v.*

The People *ex rel.* D. F. Brown, County Collector.

*Opinion filed February 21, 1907.*

1. Taxes—*what amendment is proper on application for judgment of sale.* Upon an application for judgment of sale for taxes it is within the power of the county court to permit an amendment whereby there is attached to the papers filed by the town clerk with the county clerk, and upon which the road and bridge tax was extended, a certificate of the town clerk stating that such papers were true copies of the originals on file in his office.

2. Same—*records need not show that labor system was adopted.* Failure of the town clerk's record to show the petition for adopting the labor system, and the proceedings subsequent to the petition, does not vitiate a road and bridge tax made under the provisions of the statute for the labor system, unless it is further shown by the objectors that no valid petition was in fact filed.

3. Same—*what does not justify inference that labor system was not adopted.* The fact that the petition copied by the town clerk in his records as the petition on which the labor system question was submitted to the voters has not sufficient signers or that there is no petition whatever recorded in the town clerk's record does not justify the inference, upon an application for judgment of sale for taxes, that the town had not adopted the labor system.

Appeal from the County Court of Montgomery county; the Hon. M. J. McMurray, Judge, presiding.

Wilson, Warren & Child, (Clarence Brown, and Charles A. Schmettau, of counsel,) for appellant.

W. H. Stead, Attorney General, and L. V. Hill, State's Attorney, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an appeal from a judgment and order of sale of the county court of Montgomery county against the property of appellant for the delinquent road and bridge tax of

Grisham township and the delinquent road and bridge and district road tax of the townships of Fillmore and East Fork, in said county, for the year 1905.

The objection urged against the tax in Grisham township, which township was acting under the cash system, is, that the town clerk did not properly certify to the county clerk the road and bridge tax levy of said township, as provided by section 16 of the Road and Bridge act. (Hurd's Stat. 1905, chap. 121, p. 1724.) The town clerk filed with the county clerk copies of the certificate of the highway commissioners to the board of town auditors and the assessor that certain contingencies (naming them) had arisen in the township whereby it was necessary to make an additional levy of forty cents on the $100 over and above the sixty cents on the $100 authorized by law to be made by them, and the consent of the board of town auditors and the assessor to such additional levy, and the certificate of the highway commissioners making a levy of one hundred cents on the $100, made by virtue of sections 13 and 14 of the Road and Bridge act, but neglected to attach thereto a certificate that the papers filed by him with the county clerk were true copies of the original papers making said tax levy on file in his office; and upon the question of the sufficiency of the papers filed by the town clerk in the office of the county clerk to authorize the county clerk to extend said tax being raised by the appellant, the appellee asked leave to amend by attaching to the papers filed by the town clerk with the county clerk the certificate of the town clerk that the papers filed by him in the county clerk's office were true copies of the originals on file in his office, which motion was granted by the court, and they were amended in that particular, whereupon the court overruled the objection and entered judgment for the amount of the delinquent road and bridge tax in said township. In this action of the court we are of the opinion there was no error committed, as we think the court, under the provisions of section 191 of the Revenue

act, (Hurd's Stat. 1905, chap. 120, p. 1674,) had ample authority to allow said amendment, and that the amendment cured the defect in the tax levy upon which the objection was based.

The objections to the tax in Fillmore and East Fork townships, respectively, which townships had been acting under the labor system for a number of years prior to said tax levies, are, that it appeared that neither of said townships had legally adopted the labor system, in this: that the petition provided for in section 80 of the Road and Bridge act to be filed in the town clerk's office of the township, filed in Fillmore township, appeared from the record of said township in the town clerk's office to have been signed only by twenty-one legal voters instead of by twenty-five legal voters, as is provided by said section of the statute, and that the record of East Fork township in the town clerk's office failed to show that any petition was filed in the town clerk's office of said township. The presumption is that the tax was legally levied, and the burden of proof was upon the appellant to show its illegality. The appellant, in order to establish said townships had not legally adopted the labor system, called the town clerks of each of said townships, with their record books, and from the record book of Fillmore township it appeared there was copied in said record book a petition, purporting to be signed by twenty-one persons only, asking to have the proposition to pay in labor the district labor and property road tax of said township submitted to the legal voters of said township, and the record book of East Fork township contained no entry upon the subject of the adoption of the labor system in that township, from which the inference is sought to be drawn by the appellant that the labor system had never been adopted in either of said townships. We do not think the inference sought to be drawn a correct one. Section 80 of the Road and Bridge act provides that on the petition of not less than twenty-five legal voters in any township under township or-

ganization being filed in the town clerk's office of said township, the proposition to pay in labor the district labor and property road tax of said township shall be submitted to the legal voters of said township, and if a majority of all the ballots cast are for the payment in labor of the district labor and property road tax in said township, then the sections of the statute governing the labor system shall be in force in said township. The statute does not provide, in express terms, that the petition, and the subsequent proceedings thereon, shall be recorded by the town clerk in the record book of the township kept by him, and although such practice would be a proper practice, we are of the opinion that a failure to record said petition, and the subsequent proceedings had thereon, in the record book kept by the town clerk, would not vitiate a tax levy for road and bridge and district road purposes made under the provisions of the statute governing the labor system, if, as a matter of fact, a proper petition had been filed with the town clerk and the proposition to pay in labor the district labor and property road tax of the township had been submitted to and adopted by the legal voters of the township prior to the time of the making of the tax levy. We therefore think that it devolved upon the appellant, in order to defeat the tax, to show that no petition for the submission of said proposition was on file in the offices of the town clerks of said townships, respectively, and that the proposition to adopt the labor system had not been adopted in said townships, or either of them, by other evidence than that the petition and the submission of the question of the labor system was not a matter of record in said townships, as we think it clear the labor system might legally be in force in a township without the record book of the town clerk showing that fact.

In the case of *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 212 Ill. 551, the labor system was in force in the township of Irving, in the county of Montgomery, and the voters of that township held an elec-

tion with a view to return to the cash system. Subsequent to that election the township acted under the cash system, and a tax levy made under that system was attacked upon the ground that the petition asking that the proposition to return to the cash system be submitted to the legal voters of the township was not signed by the requisite number of voters, and a petition signed by a less number of voters than provided for by the statute was found among the papers of the town clerk, and was presented upon the trial with a view to establish the fact that the election had been held upon an invalid petition. It did not appear, however, from the evidence, that the petition produced was the only petition asking to submit the proposition, on file in the town clerk's office, or that the petition produced was the one under which the election was held, and it was said that in the absence of such proof it would be presumed that the proposition was submitted upon another and different petition, and the presumption that the tax was properly levied was not overcome by the introduction of said defective petition. So here, as the appellant did not show that the petition copied into the record in the office of the town clerk of Fillmore township was a true copy of the petition under which the election was held in that township, or that a legal petition was not on file in the offices of the town clerks of said townships, respectively, upon which the proposition of adopting the labor system in either Fillmore or East Fork township was submitted to the people and adopted, the evidence failed to sustain the contention of the appellant that the labor system was not in force in the township of Fillmore and that of East Fork at the time said tax levy was made. We are therefore of the opinion that the objections to the tax in these townships were properly overruled.

It is lastly contended that the judgment is for too large an amount. The judgment was for $561.11, which is conceded by appellant to be the correct amount of the taxes sought to be collected if appellee was entitled to recover for

all of said taxes. The record therefore does not sustain the contention of the appellant that an error was committed by the court as to the amount of the taxes due in entering judgment.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*