THE PEOPLE *ex rel.* C. E. Landis, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*presumption is that tax to pay bonded indebtedness was properly excluded in reducing rate.* Under section 2 of the act of 1901, concerning the levy and extension of taxes, which provides that in reducing the tax rate the tax to pay bonded indebtedness of cities shall in certain cases be excluded, it will be presumed, upon an application for judgment and order of sale for taxes, that a tax to pay the bonded indebtedness of a city was lawfully excluded in reducing the tax rate, and the burden is upon the objector to prove the contrary.

2. SAME—*delinquent list makes a prima facie case entitling the collector to judgment.* Upon application for judgment and order of sale for taxes the delinquent list makes a *prima facie* case entitling the collector to judgment for the amount shown by it, unless an objector proves a defense to some part or all of it.

3. SAME—*an additional road tax may be levied if a reason exists therefor.* Under section 14 of the Roads and Bridges act, as amended in 1911, the highway commissioners may levy an additional tax of twenty-five cents on the $100 for road and bridge

purposes if for any reason the regular levy of thirty-six cents is not sufficient, provided they first certify the reason to the board of town auditors and the assessor and they consent to the levy; and the decision of the board of town auditors and assessor as to the sufficiency of the reason is final.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

D. R. KINDER, (N. S. BROWN, and J. L. MINNIS, of counsel,) for appellant.

HARRY C. STUTTLE, State's Attorney, and J. D. WILSON, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

Objections filed by the appellant to judgment for taxes were overruled, and it appealed.

The town tax of the town of South Litchfield, the library tax of the city of Litchfield and the road and bridge tax of the town of Zanesville are involved. In regard to the first two, the question is whether forty-five cents levied by the city of Litchfield for bonds and interest ought to be excluded from the total rate before reducing the rate per cent of the levy in accordance with section 2 of the act "concerning the levy and extension of taxes," passed May 9, 1901, in force July 1, 1901, as amended. (Hurd's Stat. 1911, p. 1972.) That section excluded "bonded indebtedness taxes in cities whose bonded indebtedness exceeds six per cent of the assessed valuation of the property therein upon which under existing laws, taxes are required to be extended, and taxes levied pursuant to the mandate or judgment of any court of record on any bonded indebtedness." The appellant's objection is, that there is no evidence that the city of Litchfield was indebted to an amount in excess of six per cent of the assessed valuation of the property therein, or that any tax was levied pursuant to any mandate or judgment of any court of record on

any bonded indebtedness. Evidence on this point, however, should have come from the appellant. The delinquent list made a *prima facie* case entitling the People to judgment for the amount shown by it unless the appellant proved a defense to all or some part of it. The presumption is that the bonded indebtedness tax was properly excluded. If the method of arriving at the rate was unlawful the burden was upon the appellant to show it. *Toledo, St. Louis and Western Railroad Co.* v. *People,* 225 Ill. 425; *Cincinnati, Indianapolis and Western Railway Co.* v. *People,* 206 id. 565.

The objection to the road and bridge tax was to an additional levy of twenty-five cents on the $100 made with the written consent of the board of town auditors and the assessor. The objection was that the reason certified as to the necessity of such levy was not sufficient. That reason was, that "our roads and bridges are in bad repair and our present fund is practically exhausted." It is argued that a levy cannot be made for the same purpose under section 14 of the Road and Bridge law as under section 13; that section 14 must be construed in the light of former decisions, and that since its amendment, in 1911, it is not materially different from what it was before. Construing section 14 in the light of our previous decisions, it is apparent that highway commissioners found it difficult to make a certificate of a contingency under which a tax could be levied; that the legislature perceived their difficulty, substituted a reason for a contingency, and left the sufficiency of the reason to be determined by the board of town auditors and the assessor. Under the existing law the commissioners may levy thirty-six cents on the $100 for road and bridge purposes, and if for any reason a necessity exists for a greater levy they may levy twenty-five cents more, but they must first submit the reason to the board of town auditors and the assessor, whose decision is final.

*Judgment affirmed.*