(No. 10977.)

THE PEOPLE *ex rel.* Joseph Rice, County Treasurer, Appellee, *vs.* M. J. CLEARY *et al.* Appellants.

*Opinion filed December 21, 1916.*

1. DRAINAGE—*when drainage commissioners are de facto officers, whose title cannot be questioned in a collateral proceeding.* Drainage commissioners of a district organized in 1879 under the act making highway commissioners the commissioners of the drainage district, but who hold their office by virtue of an election by the land owners of the district, as provided in section 15*a* of the present Farm Drainage act, are *de facto* officers, and their title cannot be questioned in a collateral proceeding for judgment and order of sale for a special assessment levied in the district.

2. SAME—*assessment made at a meeting of commissioners outside the district is void.* A drainage assessment made at a meeting of the commissioners outside the limits of the drainage district is void, and such objection may be raised on the application of the collector for judgment.

APPEAL from the County Court of McLean county; the Hon. JAMES C. RILEY, Judge, presiding.

D. D. DONAHUE, for appellants.

OGLEVEE & FRANKLIN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This· is an appeal from a judgment of the county court of McLean county overruling appellants' objections to judgment for a drainage district assessment against appellants' lands in Drainage District No. 1 of Gridley township, McLean county. The drainage district was organized in 1884 under the Farm Drainage act of 1879, and its organization as a drainage district was continued by the act of 1885, which was a revision of the drainage laws and repealed the former act. (*Cleary* v. *Hoobler,* 207 Ill. 97.) In 1914 a special assessment was levied under section 41 of the Farm Drainage act to pay for cleaning out and repairing the district ditch. Appellants, M. J. Cleary and Peter Rinkenberger, land owners in the district, declined to pay the portion of this special assessment extended against their lands, and when application was made by the county collector to the county court for judgment, filed objections to the rendition of such judgment. Their objections were overruled and judgment entered against their lands for the special assessment, and they have·prosecuted this appeal.

The objections made were subdivided into several heads but in the brief of counsel for appellants they are reduced to three: (1) That the persons assuming to act as commissioners for the district and the person assuming to act as clerk for said district were neither *de jure* nor *de facto* officers, and the record of their acts in levying the assessment is not competent to establish it and authorize a judgment; (2) that the alleged proceedings for levying and extending the assessment were not conducted in accordance with the requirement of the statute and are void; (3) that section 15*a* of the Farm Drainage act is unconstitutional.

The contention that the persons who levied the assessment were not drainage commissioners is based upon the theory that the highway commissioners are the commissioners of the drainage district. This was so under the acts of

1879 and 1885, but in 1907 section 15a of the Farm Drainage act was enacted and provided for the election of drainage commissioners at an election to be called for that purpose, at which the land owners in the district should elect the commissioners. The appellants contend that section 15a only applies to districts organized under the act of 1885, and as Drainage District No. 1 of Gridley township was organized under the act of 1879, the provision that the highway commissioners should be the drainage commissioners is in force, and if that is not true then section 15a is unconstitutional. We do not think either position sound or that they require discussion. The commissioners who levied and spread the assessment were not highway commissioners but were commissioners elected by the land owners of the district; and even if there were any merit in the position of appellants that they are not legal commissioners, we are of opinion the question is one that cannot be raised in this collateral proceeding. They are *de facto* commissioners in the discharge of the duties of the office, and the legality of their title must be attacked in a direct proceeding.

The record shows that on January 13, 1913, the commissioners held a meeting in the directors' room in the State Bank in the village of Gridley to hear a report of a representative of the Harmon Engineering Company of a survey made of the ditch of the district and the work necessary to be done to clean and repair it so as to make it efficient in carrying off the waters of the district. The matter was discussed by the commissioners and the engineer, and the engineer recommended that if the work was to be done the lands be classified into tracts of twenty and forty acres instead of by rods of the ditch, as it had originally been classified. On January 7, 1914, the commissioners met in the district, walked over the entire length of the ditch and found it grown up with grass and weeds. On January 31, 1914, pursuant to a previous notice given the land owners by the commissioners, a meeting of the land

owners and commissioners was held in Firemen's Hall, in the village of Gridley, for the purpose of discussing and determining upon the levying of an assessment for cleaning out and repairing the ditch. At that meeting a resolution was adopted by the commissioners reciting that the ditch was partly filled up by the banks caving in and by weeds and grass, so that it was inadequate to carry off the water drained into it, and that it was necessary to clean it out and widen and deepen it, and it was resolved to levy against the lands of the district $10,752.50, which was the estimate of the cost made by the engineering company for the purpose of doing the work. This was subsequently spread against the land in an assessment roll and is the assessment objected to. It is objected that this assessment was void for the reason that it was made at a meeting held in Firemen's Hall, in the village of Gridley, which the evidence shows is outside of the limits of the drainage district. Under the previous decisions of this court this action of the commissioners was void and the court should have sustained the objection to the tax. (*People* v. *Carr,* 231 Ill. 502; *People* v. *Schwank,* 237 id. 40; *People* v. *Camp,* 243 id. 154.) In all these cases the objection was raised on the application of the collector for judgment.

It is also objected that subsequent meetings of the commissioners to re-classify the lands and spread and confirm the assessment roll were held in the village of Gridley, outside of the limits of the district. The record is in such shape that this cannot be positively determined, and in view of the conclusion we have reached it is not necessary that it should be passed upon.

For the reason given, the judgment is reversed and the cause remanded to the county court, with directions to sustain the objection.

*Reversed and remanded, with directions.*