(No. 14221.—Judgment affirmed.)
THE PEOPLE *ex rel.* George A. Fish, County Collector, Appellee, *vs.* JOHN R. BRADSHAW, Appellant.

*Opinion filed June 21, 1922—Rehearing denied October 4, 1922.*

1. DRAINAGE—*judgment confirming assessment is res judicata of every question except that of jurisdiction.* On application for judgment for a delinquent farm drainage assessment the jurisdiction of the court is the only open question, as the judgment of the county court confirming the classification of the lands is *res judicata* not only as to the matters actually determined but as to every other matter within the knowledge of the objector which might have been set up as a ground for relief or defense.

2. SAME—*objection that assessment exceeds benefits cannot be raised in proceeding to collect delinquent assessment.* Since the re-enactment in 1915 of section 27 of the Farm Drainage act, allowing the land owner an opportunity, on application to confirm the assessment, to be heard on the question whether the assessment against his lands exceeds the benefits, that question cannot be reconsidered on application for judgment and order of sale for the assessment.

3. SAME—*failure to classify lands in 40-acre tracts does not render classification void.* A classification which classifies the lands in tracts ranging from 10 to 160 acres instead of in "40-acre tracts, more or less," is irregular and subject to being set aside if a proper objection is made, but the classification is not void and the objection comes too late on application for judgment and order of sale.

APPEAL from the County Court of Sangamon county; the Hon. JOHN B. WEAVER, Judge, presiding.

REDMON, HOGAN & REDMON, and SAMPSON & GIFFIN, for appellant.

C. FRED MORTIMER, State's Attorney, W. J. MILLAR, and LESLIE J. TAYLOR, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Union Drainage District No. 1 of the towns of Lanesville and Illiopolis, in Sangamon county, was organized in 1880 under the original Farm Drainage act of 1879. An

open main ditch and laterals were constructed and nothing further seems to have been done until 1919, when a movement was inaugurated to revive the district and reconstruct and enlarge the drainage system. No classification of the lands of the district had been made, and in order to acquire the authority to levy an assessment upon the lands included within the district the commissioners proceeded to classify the lands in accordance with the provisions of section 21 of the Farm Drainage act. (Hurd's Stat. 1921, p. 1245.) The lands of appellant, John R. Bradshaw, concerning which this litigation arises, being the east half of the northwest quarter of section 32, township 17, north, range 2, west of the third principal meridian, were classified on the graduated scale at 30. On the date fixed for hearing objections to the classification, June 12, 1920, appellant appeared at the meeting and objected to the classification of his lands. His objections were overruled by the commissioners and an order was entered by them confirming the classification as originally made. From that order of confirmation appellant appealed to the county court in accordance with the provisions of section 24 of the act. Thereafter a trial was had at the February, 1921, term of the county court of Sangamon county, resulting in a verdict of confirmation of the classification, and a judgment was accordingly entered. Thereupon the commissioners assessed appellant's lands the sum of $600. There was no appeal from this order of the commissioners, the assessment was not paid, and the treasurer of the district certified it to the county collector as delinquent. Thereafter appellee made application for judgment and order of sale of the 80-acre tract of land. To this application appellant interposed twenty-two written objections. Objections 15 to 22 questioned the constitutionality of various sections of the Farm Drainage act, but these objections have been abandoned. Objections 4, 5, 10, 11, 12 and 13 were stricken upon motion of appellee and the

remaining objections were overruled. Judgment was entered against the lands of appellant and he appealed.

The appellant's objections may be classified into three groups, the first group being those objections which raise the question of the validity of the order of classification, the second group questioning the method by which the commissioners spread the assessment and ascertained the amount thereof, and the third group charging that the assessment exceeds the amount of the benefits.

This proceeding is collateral to the proceedings in the county court confirming the classification of the appellant's lands, and no objections can be urged in this proceeding except such as question the jurisdiction of the court. (*Spring Creek Drainage District* v. *Highway Comrs.* 238 Ill. 521; *Walker* v. *People,* 202 id. 34.) Appellant has had his day in court on the question of the validity of the classification of his lands and has had an opportunity to raise all the questions which he desired to raise with respect to this classification. All the rights of the property owner in respect to the classification of lands within the district are fully protected by the provisions of the act, and if he neglects to avail himself of the right of redressing any wrong or of correcting any error in the classification he cannot be heard to complain at another time and in another proceeding. He cannot on application for judgment against his lands for a delinquent drainage assessment raise the question of classification. *People* v. *Chapman,* 127 Ill. 387; *People* v. *Hulin,* 237 id. 122; *People* v. *LeTempt,* 272 id. 586.

The objection that this classification is void because the commissioners did not classify "the lands in the district in tracts of 40 acres, more or less," is not tenable. The classification of the lands in tracts ranging in size from 10 to 160 acres was certainly irregular and was not a substantial compliance with the statute, but the classification was not void. There was a classification under the statute sufficient

for all purposes of assessment if it was not set aside in a proper proceeding. The validity of the classification could not be inquired into in this collateral proceeding. (*People* v. *Dyer,* 205 Ill. 575; *Trumbo* v. *People,* 75 id. 561.) The judgment of the county court confirming the classification of the lands of appellant is *res judicata* not only as to the matters actually determined, but as to every other matter within the knowledge of appellant which might have been set up as a ground for relief or defense.

The second and third groups of objections may be considered together, for they have to do with the single question whether the amount assessed against the lands exceeds the benefits. We have held that this question may be raised in a proceeding of this character; (*People* v. *Welch,* 252 Ill. 167; *People* v. *Whitesell,* 262 id. 387; *Lake Fork Drainage District* v. *Highway Comrs.* 292 id. 340;) but these decisions were all based on the proposition that the land owner had not theretofore had an opportunity to be heard on the question. All of the decisions to this effect were with respect to assessments levied during the fourteen-year period from 1901 to 1915. Prior to 1901 and subsequent to 1915 section 27 of the Farm Drainage act has afforded the land owner an opportunity to be heard on the question whether the assessment exceeds the benefits, and where the proceeding is to secure a judgment and order of sale of the lands for a delinquent assessment levied while section 27 was in force the reason for allowing the question to be raised in that proceeding no longer exists. Prior to 1901 this court held that a final judgment on the question of benefits was conclusive and that the question could not be further investigated in a proceeding of the character now before us. (*People* v. *Meyers,* 124 Ill. 95; *People* v. *Chapman,* 128 id. 496.) These decisions were rendered before section 27 was repealed in 1901, but when the section was re-enacted in 1915 in language substantially the same as that of the former act, the legislature intended, according to a

303—36

well-established rule of statutory construction, that the new section 27 should have the same construction as that theretofore given the old section. (*Kelley* v. *Northern Trust Co.* 190 Ill. 401; 25 R. C. L. 1075.) Appellant having had an opportunity to be heard on the question of benefits and having failed to avail himself of the opportunity is not entitled to have the question considered in this proceeding.

The judgment of the county court is affirmed.

*Judgment affirmed.*