(No. 20412.—

THE PEOPLE *ex rel.* J. N. Loudin, County Collector, Appellant, *vs.* REINHULD FISHER, Appellee.

*Opinion filed December 18, 1930.*

BEN H. TOWNSEND, State's Attorney, and P. J. KOLB, for appellant.

CHARLES H. SCHAFER, and W. S. WILLHITE, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The county collector of Wabash county filed in the county court a petition for a judgment and order of sale against two forty-acre tracts of land belonging to Reinhuld Fisher for a drainage tax of Special Drainage District No. 7, amounting to $241.97. The owner appeared and filed six objections, and later, by leave of court, filed three additional objections. On motion of the collector original objections 3, 4, 5 and 6 and additional objection 1 were stricken from the record, leaving original objections 1 and 2 and additional objections 2 and 3 standing. These original objections were as follows:

1. "That the commissioners of the said number seven (7) drainage district did not file any proper, legal and valid certificate of levy or other statement on or before December 1, A. D. 1927, or on or before December 1, A. D. 1928, or on or before December 1, A. D. 1929, with the county clerk of Wabash county, Illinois, the same being the county where said district was organized under and by virtue of section 70 of the Farm Drainage act.

2. "That the county clerk of said county of Wabash did not extend the said taxes alleged to be due thereon on said described lands on the collector's books, the same as State, county and municipal or other taxes are extended, in appropriate columns, as required by section 70 of the Farm Drainage act."

The additional objections remaining were as follows:

2b. "That no resolution has ever been filed by the commissioners of Special Drainage District No. 7 with the county clerk, who is *ex-officio* clerk of said drainage district, authorizing the dividing the levy of $9000 into three equal installments and the year or years to be paid.

3d. "That the certificate of levy filed on October 8, 1927, with the county clerk of Wabash county, Illinois, for $9000, fails to set forth the amount necessary for repairs and the amount necessary to build new concrete abutments to bridges and levees within said district, as required by law and as set forth in the contract of requirements as filed by said commissioners and the blue-prints thereof."

On the hearing the collector introduced in evidence the delinquent list, the publication notice and certificates. The owner of the land objected to the introduction of the publication, but having filed objections to the merits without reservation he thereby entered his general appearance and waived any objection which might have been taken to the notice. *People* v. *Southern Gem Co.* 332 Ill. 370.

By introducing the delinquent list the collector established a *prima facie* case which entitled him to judgment in the absence of evidence showing a defense. It was stipulated that Special Drainage District No. 7 was organized under the Farm Drainage act. The first of the objections on which the cause was heard was that the commissioners did not file with the county clerk any certificate of levy or other statement on or before December 1 in either of the years 1927, 1928 or 1929, in compliance with section 70 of the Farm Drainage act. The objectors introduced the drainage commissioners' record showing a certificate of the commissioners dated September 2, 1929, that they required $1000 to be levied as a special assessment or tax for drainage purposes for the specific purpose of keeping the work in said district in repair for the next ensuing year. There was no evidence that there were any notes, orders or bonds remaining unpaid, any amount necessary to meet the payment of interest for the ensuing year, no deficiency in the payment of interest before accrued or payment for repairs made, and no deficiency caused by any judgment of the county court reducing the amount of any assessment. Guy McCoslin, the county clerk, testified that this certificate was filed with

him as county clerk in September, 1929. The drainage record also contained a certificate of the commissioners of the levy of an assessment of $9000 on October 8, 1927, in the form prescribed by section 62 of the Farm Drainage act. The county clerk testified that the certificate was filed on that day. It is not shown by the express testimony of the county clerk whether either of these two certificates, or both, constituted the authority by virtue of which the county clerk extended the tax against the objector's land. The burden of proof was on the objector to show that the tax was not properly extended against his land. If it was extended upon the authority of these two certificates no reason is shown why it was not properly extended. The objector introduced in evidence the tax list duly certified by the commissioners on October 10, 1927, in accordance with sections 26 and 62 of the Farm Drainage act. It is objected to the certificate of September 2, 1929, that the commissioners did not file a statement of the condition of the district as to "outstanding bonds, the amount necessary to repair, the amount necessary for interest to be levied for the payment of tax, bonds, if any bonds have been issued either for the years 1927, 1928 or 1929, under section 70 of the Drainage law." The "amount necessary to repair" in 1929 was certified as $1000. From the fact that no statement is made as to bonds, interest or the other liabilities mentioned in section 70, it is to be presumed that no such liabilities existed at the time the certificate was made, otherwise they would have been mentioned.

The second objection was that the county clerk did not extend the taxes alleged to be due on the collector's books, the same as State, county and municipal or other taxes are extended, in appropriate columns, as required by section 70 of the Farm Drainage act. No evidence was introduced in support of this objection.

The second additional objection was, that no resolution was ever filed by the commissioners with the county clerk

authorizing and dividing the levy of $9000 into three equal installments and the year or years to be paid. In support of this objection the county clerk was asked to state whether or not there was ever filed with him any tax list showing the amount of taxes to be paid or to be levied for the years 1927, 1928 or 1929. The objection was made that the tax list itself was the best evidence, but the court overruled the objection and he answered, "There is a list filed." On cross-examination he stated that he had been county clerk since the first Monday in November, 1926; that he hardly thought there was a resolution filed in his office in which it was provided that the levy certified on October 10, 1927, was to be collected in three equal annual installments. He would not say positively, but he always made a point to record everything. He could not recall if one was filed, and what he meant to say was, if one was filed he did not recall it. This was falling far short of showing that no such list was filed. He further answered that he would not be positive that no resolution was filed; that it might have been misplaced, but he did not find it among the files. The tax list certified by the commissioners on October 10, 1927, is shown in the record to have been divided into three equal annual installments.

The only remaining objection before the court was that the certificate of levy filed on October 8, 1927, for $9000, fails to set forth the amount necessary for repairs and the amount necessary to build new concrete abutments to bridges and levees within said district, as required by law and as set forth in the requirements filed by the commissioners. A levy was made in the precise form prescribed by section 62 of the Farm Drainage act, which contains no requirement that it shall set forth the amount necessary for repairs or any other amount than that required for drainage purposes.

The appellee has assigned cross-errors questioning the action of the court in striking from the record objector's

original objections Nos. 3, 4, 5 and 6 and in sustaining the collector's objection to his offer in evidence of exhibits 1 and 2. Objections 3 and 4 go to the question of publication of notice by the collector and the general appearance of the objector by filing objections to the merits waived them.

Objections 5 and 6 are that the assessment against the land is more than the premises are benefited by the improvement. These objections were properly stricken because they are not available to the defendant in this proceeding. As the Farm Drainage act was originally passed in 1885, section 62 provided for the levy of a special assessment upon the lands of the district as soon as the classification has been corrected and confirmed by the commissioners or board of appeal, and it thereupon became the duty of the clerk to compute and appropriate the amount of the assessment among the several tracts according to the acreage of each and its figure of classification on the graduated scale. The commissioners were required to make out a tax list conforming, as near as the facts would admit, to section 26 of the act. This list was to be filed by the clerk, and any person against whose lands a tax had been thus levied might appeal to the county court in the same time and manner and upon the same grounds as provided in section 27 of the act. In 1901 section 27 of the act, which provided an appeal from the assessment, was repealed, (Laws of 1901, p. 148,) and section 62 was amended by dropping from the act the clause granting an appeal in the same time and manner and upon the same ground as provided in section 27. (Laws of 1901, p. 152.) Thereafter it was held that upon an application by the county collector for judgment and order of sale against lands for a drainage assessment under section 62 of the Farm Drainage act, the question of benefits might be raised in the proceeding by the collector to collect the assessment because the land owner had had no previous opportunity to be heard upon the question of its amount.

(*People* v. *Welch*, 252 Ill. 167; *People* v. *Whitesell*, 262 id. 387.) In 1915 the legislature re-enacted section 27, giving appeals to the county court upon the question whether the tax assessed was greater than the benefits to accrue to the land by the proposed drainage, and it was then held that the question whether the assessment against the lands exceeded the benefits could not be considered on application for judgment and order of sale for the assessment because the land owner had an opportunity to be heard upon that question by an appeal to the county court under section 27. (*People* v. *Bradshaw*, 303 Ill. 558.) It was, however, held that the appeal allowed by section 27 as re-enacted in 1915 did not apply to special drainage districts, and therefore the land owner in such districts not having any previous opportunity to be heard upon the question was entitled to make the objection that his land was not benefited by the improvements, on the application by the collector for judgment for a delinquent assessment. (*People* v. *Allen*, 317 Ill. 92.) This case was decided in April, 1925, and the legislature, which was then in session, amended section 62 by restoring the provision allowing an appeal, as provided in section 27 of the act. (Laws of 1925, p. 365.) The effect of this amendment was to grant the owner of land in a special drainage district the right to appeal from the assessment to the county court upon the question of benefits to his land and prevent him from raising that question on an application for judgment against the land for the assessment, as in *People* v. *Bradshaw, supra*.

The additional objection which was stricken was directed against the publication notice, and, like all objections to the notice, was waived by the general appearance entered by the objector.

The judgment is reversed and the cause is remanded to the county court of Wabash county, with directions to overrule the objections and enter judgment in favor of the collector for the amount of the tax, interest and costs.

*Reversed and remanded, with directions.*