(No. 25629.—

The Lower Salt Creek Drainage District, Appellee, *vs.* Jennie Beaver *et al.* Appellants.

*Opinion filed October 11, 1940.*

Fred E. Gardner, for appellants.

Trapp & Trapp, Evan Worth, Markman, Donovan & Sullivan, and R. L. Northcutt, (Henry O. Nickel, of counsel,) for appellee.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Logan county foreclosing the lien of an assessment levied for the construction of a drainage system in Lower Salt Creek Drainage District. Appellants claim that after the assessment was confirmed the contractor failed to complete the work; that, on that account, their lands were not benefited; that the foreclosure proceeding was the first opportunity they had to question the benefits, and that the chancellor erred in refusing to permit them to make such proofs.

The facts are stipulated. Appellee was legally organized in 1921 under the Levee act of 1879, as amended. (Ill. Rev. Stat. 1939, chap. 42, par. 1, *et seq.*) In March, 1929, an assessment of $250,693.63 against the lands in the district was confirmed by the county court of Logan county, payable in fifteen annual installments, beginning January 1, 1934, with interest from date of confirmation. All parties owning any interest in the land involved in this suit were parties in the assessment proceedings and no writ of error or appeal was taken from the confirmation order. Under another order of the county court, bonds of $193,000 were issued, bearing date July 1, 1929, maturing serially in the same years as the assessment. The treasurer of the district annually gave the statutory notice of the installments of assessments and interest due. Appellants own 240 acres in the district, assessed at $7711.40. None of the installments or interest was ever paid. Each year from 1931 to 1937, inclusive, the treasurer of the district certified the land as delinquent to the county collector, who duly advertised, took judgment and offered the lands for sale. No purchases of the land were made and it was forfeited to the State for non-payment. The decree finds the total amount of delinquent installments, interest and penalties to be $7511.17.

Appellants' answer to the complaint alleges the work for which the assessment was levied has never been completed;

that insufficient work was done at the outlet of the district, as a result of which their land is subject to overflow to the same extent as it was prior to the crganization of the district, and that the work done increased the volume of water received by Salt Creek, resulting in damage to their land. At the hearing, an objection was sustained to testimony offered by appellants for the purpose of showing the assessment exceeded the benefits from the work done.

Appellants rely upon *People* v. *Soucy,* 261 Ill. 108, *People* v. *Brown,* 253 id. 578, *People* v. *DeYoung,* 284 id. 530, *People* v. *Burrall,* 258 id. 509, and *People* v. *Garner,* 275 id. 228, holding that owners of land in a drainage district organized under the Farm Drainage act of June 27, 1885, (Ill. Rev. Stat. 1939, chap. 42, par. 82, *et seq.*) have the right to a hearing on the question of whether their land was assessed more than it was benefited and that the first opportunity to raise that question was upon application for judgment and order of sale. None of those decisions is applicable here. Each of them was rendered during the fourteen-year period from 1901 to 1915. They were based upon the fact that because of the repeal of section 27 of the Farm Drainage act in 1901, the landowner had no opportunity to be heard on the question of benefits prior to the application for judgment and order of sale. That situation was remedied when section 27 was reenacted in 1915. In *People* v. *Bradshaw,* 303 Ill. 558, we pointed out that prior to 1901, and after the reenactment of section 27 in 1915, the landowner had an opportunity to be heard on the question of benefits before the confirmation judgment was entered, and we held that a final judgment on that question was conclusive and could not be further investigated in a proceeding for judgment and order of sale. No situation similar to that in the cases cited has ever existed under the Levee act. Ever since 1871 it has provided for a jury trial on the question of benefits and an appeal from the confirmation judgment. By the act of 1885, section 34½ was added

(Ill. Rev. Stat. 1939, chap. 42, par. 34) providing that the confirmation judgment shall be conclusive that all prior proceedings were regular and according to law. Under this section, we have held that all objections which could have been urged at the time of the confirmation of the assessment roll and which were not then urged, cannot be maintained for the first time in a proceeding to collect the unpaid assessment. (*Hammond* v. *People,* 169 Ill. 545; *Comrs. of Highways* v. *Big Four Drainage District,* 207 id. 17.) While section 34½ applies only to proceedings prior to the confirmation judgment, appellants are in no position to claim that they are not liable because the failure to complete the work occurred after the entry of the confirmation judgment and therefore could not be urged when it was entered. If it be true that the work was not completed as alleged, appellants had ample opportunity to seek relief by *mandamus* to compel the completion of the work. This they did not do over a period of seven years. Their suggestion *arguendo* that it could be shown the cost would exceed their assessment and result in a supplemental assessment is without merit. If the contractor failed to complete his work he would be liable, and if timely action had been taken, the district could have been compelled to complete the work and take appropriate steps to recover the costs. Moreover, the argument is not cognizable under any issue in the record. The bondholders are the real parties in interest. It would be highly inequitable to permit landowners to thus induce purchasers of bonds to rely upon the proceedings which establish their right to be paid and then after seven years, when the lien is attempted to be foreclosed, to first come in and deny liability. Appellants are now estopped by their own acts from asserting that the assessments exceed the benefits to their lands.

Appellee discusses other features of the issue, but they are unnecessary to be mentioned. The decree of the circuit court is affirmed.

*Decree affirmed.*