(No. 33482.—

THE PEOPLE *ex rel.* Carl H. Kramer, County Collector, Appellee, *vs.* ZITA SULLIVAN, Appellant.

*Opinion filed May 20, 1955.*

594

Riordon, Fletcher & Nelson, of Morrison, for appellant.

Calhoun W. J. Phelps, State's Attorney, of Princeton, (Josef T. Skinner, and George S. Skinner, of counsel,) for appellee.

Mr. Justice Hershey delivered the opinion of the court:

This is an appeal from a judgment of the county court of Bureau County overruling objections to an application for judgment and an order of sale against land belonging to appellant, Zita Sullivan, (herein called defendant), for nonpayment of a delinquent drainage assessment levied by the drainage commissioners of Drainage District No. 4, township of Manlius, Bureau County, Illinois.

The defendant objected that the assessment levied against her land by the commissioners was illegal and void for the following reasons: (1) There was no record of any meeting held by the commissioners within the boundaries of the district relative to the purported assessment. (2) The work to be done within the district for which the assessment was levied is not strictly repair work, and therefore the assessment based on a former classification was void. (3) The levy of an assessment in a proceeding of this kind must be made under section 26 of the Farm Drainage Act (Ill. Rev. Stat. 1951, chap. 42, par. 108,) and not under section 62 of the act (Ill. Rev. Stat. 1951, chap. 42, par. 147,) as was done by the district. (4) The commissioners let the contract for the work to be done without advertising for bids pursuant to section 35 of the act. (Ill. Rev. Stat. 1951, chap. 42, par. 118.) (5) Her assessment was in excess of benefits to be derived from the work to be done. (6) The commissioners made the assessment for a larger amount than the estimated cost of the work.

When the case was called for a hearing on the merits, the defendant offered no evidence to support her objections. In fact, all the evidence that appears in the record was produced by the plaintiff, with the exception that after the close of plaintiff's evidence the defendant produced one witness who gave some brief testimony to the effect that the culvert on highway Route 88 was not of sufficient width to permit the water from his land to cross to one of the ditches of the drainage district.

When an application is made for judgment on account of nonpayment of taxes and evidence establishing a *prima facie case* is introduced, then the defendant, who has filed objections to the application for judgment, must produce evidence to support his objections, the duty being upon him to establish the invalidity of the tax by competent evidence. By introducing the delinquent list in a proceeding to collect

a drainage assessment the county collector establishes a *prima facie* case, thus entitling him to judgment in the absence of evidence showing a defense. (*People ex rel. Loudin* v. *Fisher*, 341 Ill. 621; *People ex rel. Quisenberry* v. *Bentley*, 268 Ill. 470; *People ex rel. Freeman* v. *Whitesell*, 262 Ill. 387; *People ex rel. Landis* v. *Wabash Railroad Co.* 256 Ill. 626.) The defendant here does not dispute these authorities, but seeks to excuse the failure to produce such evidence on the ground that when the hearing began the plaintiff's attorney volunteered to go forward and produce testimony to support the validity of the assessment. It is argued that the burden thereby rested upon the plaintiff to establish the *validity* of the assessment rather than upon the defendant to prove its *invalidity*. We do not agree with this contention. The defendant had the burden of proving her objections so as to invalidate the assessment, (*People ex rel. Dorris* v. *Garner*, 275 Ill. 228; *People ex rel. Wheeler* v. *Harvey*, 396 Ill. 600,) and we must judge the case accordingly. The defendant was accorded every opportunity to present evidence in support of her objections, and her counsel is presumed to know that it was incumbent upon her to establish the invalidity of the assessment. Under the circumstances, we do not believe the defendant's counsel was reasonably misled by the decision of plaintiff's counsel to proceed with the introduction of evidence to support the assessment, nor was the burden of proof thereby shifted from the defendant to the plaintiff.

The defendant further contends, however, that there is sufficient evidence in the record, based on evidence adduced by the plaintiff, to establish the invalidity of the assessment.

It is not necessary to review in detail the testimony of the various witness, but particular attention must be given to some of the six exhibits which were introduced.

Exhibit No. 1 is the levy of the commissioners, dated January 2, 1953, in the sum of $13,000.

Exhibit No. 2 is a special assessment roll or tax list, dated January 7, 1953, and based on said levy.

Exhibit No. 3 is an engineer's report of the proposed construction, including an estimate of construction costs (totaling $12,250) and a schedule of cost per acre and per tract for $1000 assessment of all owners in the district. Attached thereto was a drainage map showing district boundaries, landowner acreage assessed and the classification, plus plans and a survey. The last entry in this report is dated December 6, 1952.

Exhibit No. 4 is a contract or waiver, which is dated December 6, 1952, and signed by all landowners in the district including the defendant and which reads as follows:

"The undersigned land owners owning lands in Drainage District No. 4 of Manlius Township, Bureau County, Illinois, consent and agree that the Commissioners of said District pay Arthur Mohr Five Hundred ($500.00) Dollars for a one-hundred foot right of way width for the ditch recommended by the Wallace Engineering Company, and to employ dredge contractors by the hour, day, or yard and to buy the pipe and equipment necessary without advertising for bids, and request commissioners to appoint Gerald Dabler, Treasurer. And we hereby approve the plans of the Wallace Engineering Company as per report dated December 2, 1952, together with recommendations of said engineering company, made by Duane Wallace, engineer, at the office of Josef T. Skinner, attorney for the commissioners on December 6, 1952, which includes tubing for Zita Sullivan, Culvert for Andrews Estate, and agree to pay our taxes within ten days after receiving notice, to Mr. Gerald Dabler as Treasurer of said District, at the First National Bank of Manlius. It being understood that if any landowner refuses to pay his drainage tax

within the ten days as above required, proposed construction work will be stopped, until the same is paid. Each landowner agrees to remove for construction and replace his own fence where stock is turned against it. All landowners shall fence in their own stock to protect the ditch.

"It is further agreed that the cleaning out of the ditch across the Sapp farm a distance of about four hundred feet as it was done by the commissioners before. And we further agree that no reclassification of the lands in the district be required, but that all rights of ways and highways shall be deducted from the lands assessed."

Exhibit No. 5 is a copy of a contract dated January 12, 1953, between the drainage commissioners and Swanson Bros. calling for the contemplated construction.

Exhibit No. 6 is a record book marked "Journal."

The first objection is that there was no record of any meeting held by the commissioners within the boundaries of the district for which the assessment was levied, and an assessment made at a meeting of the commissioners held outside the district is void. (Citing *People ex rel. Rice* v. *Cleary*, 276 Ill. 29, and *People ex rel. McCall* v. *Schwank*, 237 Ill. 40.) There is no factual basis for this objection. The defendant did not produce the clerk of the district or any other witness to support her allegation. Counsel, however, seeks to rely upon an unsworn statement of counsel for the district, made during the hearing, that the town clerk, to the best of his knowledge, had no record of the meetings held by the commissioners. But the burden is on the defendant to show the lack of such record, and the statement of counsel does not supply this proof. The cases cited by the defendant are cases wherein the evidence showed affirmatively that the meeting took place outside the district. It must be presumed that the official acts shown by the record of the commissioners took place within the limits of the district until the contrary is proved.

In addition to the foregoing, we have in evidence the agreement of the landowners and the commissioners dated December 6, 1952, and signed by all the landowners of the district, including the defendant. (Exhibit 4.) Also in evidence is Exhibit 3 of even date which includes a report from the engineer of the district of the proposed construction and an estimate of the cost, together with plans and profiles. The agreement (Exhibit 4) discloses that at the time it was executed the landowners had before them the engineer's report (Exhibit 3,) as there is a recitation that said report is approved, together with recommendations of the engineer. In this agreement (Exhibit 4) the landowners agree to pay their tax within ten days after receiving a notice from the district. Therefore, it appears that by this agreement the defendant waived the right to urge this objection.

The second objection is that the work to be done within the district is not strictly repair work, and therefore the assessment based on a former classification was void. (*Schwartz* v. *Comrs. of Big Lake Special Drainage Dist.* 307 Ill. 209.) The defendant directs attention to the fact that work to be done according to the plans included a widening of the old ditch and the acquisition of new right of way. However, by said agreement (Exhibit 4) the landowners, including the defendant, expressly waived the necessity of a reclassification. A portion of said agreement recited: "And we further agree that no reclassification of the lands in the district be required, but that all rights of way and highways shall be deducted from the lands assessed." Therefore, the objection was properly overruled.

The third objection is that the resolution levying the tax was not made under section 26 of the Farm Drainage Act (Ill. Rev. Stat. 1951, chap. 42, par. 108,) and was therefore void. It is argued that since the district was organized under the provisions of the Farm Drainage Act

(Ill. Rev. Stat. 1953, chap. 42, pars. 92-132,) relating to combined drainage districts (all of the lands within the district being in one township) it was unlawful to proceed under section 62 of the Farm Drainage Act (Ill. Rev. Stat. 1951, chap. 42, par. 147,) relating to special drainage districts, as the attorney for the district stated was done.

Section 26, applicable to a combined drainage district, provides that the commissioners shall pass a resolution ordering such amount of money to be raised as may be necessary, and then on that basis to make the levy, prepare the assessment roll and spread the tax. Under section 62, the commissioners order that such money be raised as may be required and the tax is levied in accordance therewith.

While it is true that the form of the levy used by this district was drawn in accordance with section 62, still it satisfied the requirements of section 26. Under both sections, the commissioners determine the amount to be raised, and this determination is the basis of the tax to be levied. Moreover, it appears that after the execution of the tax levy it was filed with the town clerk, which is the proper procedure under section 26. The levy is filed with the county clerk if made pursuant to section 62.

In addition, the defendant agreed (Exhibit 4) to pay her tax, and therefore she has also waived the right to urge this objection.

The fourth objection is that the commissioners let the contract for the work to be done without advertising for bids pursuant to section 35 of the Farm Drainage Act. (Ill. Rev. Stat. 1951, chap. 42, par. 118.) However, by the agreement (Exhibit 4,) the landowners, including the defendant, expressly waived the necessity of advertising for bids, and the defendant's objection was therefore properly overruled.

The fifth objection is that her assessment was in excess of benefits to be derived from the work to be done. There is not one single word or line of testimony to support this

objection. The burden of proof was on her to show that the assessment against her land exceeded the benefits. The delinquent list is *prima facie* evidence that her land will be benefited to the amount stated in the list. (*People* v. *Garner,* 275 Ill. 228; *People ex rel. Kellogg* v. *Burrall,* 258 Ill. 509.) Moreover, Exhibit 4 discloses that the defendant had full knowledge of the plans showing the nature of the work to be performed, and she approved those plans and agreed to pay her tax. She cannot, therefore, object that said work will not be of benefit to her land, and the court properly overruled the objection.

The sixth and final objection is that the commissioners made an assessment for a larger amount than the estimated cost of the work. It is true that the assessment ($13,000) exceeded the engineer's estimate ($12,250). But we do not find any provision of the Farm Drainage Act applicable to a combined drainage district which limits the commissioners' levy to the amount set forth in an engineer's estimate. On the contrary, the commissioners are given power to levy a tax in an amount that will be required to pay the cost of the proposed work. Ill. Rev. Stat. 1951, chap. 42, par. 108.

The defendant cites *Morgan Creek Drainage Dist* v. *Hawley,* 240 Ill. 123. An examination of that case discloses that the district was organized under the provisions of the Levee Act, which differ from those applicable to a combined drainage district organized and existing under the Farm Drainage Act. Under section 26 of the Farm Drainage Act the commissioners are authorized to levy such amount of money to be raised by special assessment upon the lands of the district as may be necessary, and they are not bound by an estimate of cost made by an engineer. They are not even required to employ an engineer. They have power under section 14 of the act to employ a competent engineer, but only if in their opinion the services of an engineer are necessary. Therefore, the

case cited by the defendant is not pertinent, and the objection was properly overruled.

The judgment of the county court of Bureau County overruling the defendant's objections is affirmed.

*Judgment affirmed.*