THE PEOPLE *ex rel.* Robert Selby, County Collector,

*v.*

JASPER DYER.

*Opinion filed December 16, 1903.*

1. TAXES—*organization of taxing body cannot be attacked on application for sale.* In a collateral proceeding to collect a tax or assessment the court is without power to hear evidence for the purpose of determining whether the *de facto* corporation imposing the tax or levying the assessment was legally organized.

2. SAME—*what objection is not available to defeat drainage assessment.* Upon application for judgment of sale for a drainage assessment levied by a township drainage district organized under section 76 of the Drainage act, as amended in 1901, (Laws of 1901, p. 157,) the fact that the objector's land lies in another township cannot be shown to defeat the assessment, since such objection goes to the organization of the *de facto* district. (*Payson* v. *People,* 175 Ill. 267, distinguished.)

APPEAL from the County Court of Moultrie county; the Hon. E. D. HUTCHINSON, Judge, presiding.

W. K. WHITFIELD, State's Attorney, and MARION WATSON, for appellant:

There is but one question to be decided, and that is, was the assessment of the tax against lands of the appellee by the commissioners in violation of the law and null and void? In order to decide this question it will

be necessary for the court to pass upon the legality of the action of the commissioners making this assessment, which question cannot be raised in an action by the county collector to obtain judgment against lands for delinquent taxes. *People* v. *Jones*, 137 Ill. 40.

Neither can the authority of the commissioners to. make a special assessment be called in question upon an application of the county collector to obtain judgment for delinquent taxes. That can only be done in an action by *quo warranto*. *Blake* v. *People*, 109 Ill. 504.

EDEN & MARTIN, and A. W. LUX, for appellee:

. The chief argument and principal authorities of appellant call in question the right of appellee to attack the organization of a drainage district otherwise than by *quo warranto*. Whilst we may not, on an application for judgment against lands to pay a special assessment, question the organization of the district, we can question an assessment made in violation of law or one that the commissioners have no lawful authority to make. *Senichka* v. *Lowe*, 74 Ill. 274.

On an application for judgment against lands for delinquent taxes it may be objected that the tax is not authorized by law, or is assessed upon property not subject to taxation, or that the property has been fraudulently assessed too high. *Clement* v. *People*, 177 Ill. 144.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

A petition to the commissioners of highways of the township of Lowe, in Moultrie county, signed by owners of lands in said township upon which ditches had been constructed by the voluntary action of such owners, was filed with the town clerk of said township, asking for the formation of a drainage district to include all the lands to be benefited by maintaining such ditches, in pursuance of the provisions of section 76 of the act to pro-

vide for drainage for agricultural and sanitary purposes, as amended by an act in force July 1, 1901. (Laws of 1901, p. 157.) The petition included only lands situated in the township of Lowe, and the town clerk notified the commissioners of its receipt, and proceeded under the provisions of said section in relation to the formation of a drainage district of the township. Upon examining the lands to be benefited by reason of the proposed improvement of the ditches, the commissioners of highways concluded that the lands of the appellee in the adjoining township of Lovington would be benefited, and they proceeded to organize drainage district No. 5 by user of the township of Lowe, including the lands of appellee situated in the adjoining township. They classified the lands and assessed the same for benefits. The assessment against the lands of appellee was unpaid, and the county collector applied to the county court for judgment. The appellee appeared and filed his objections that the drainage district was organized, including lands in two townships, by the commissioners of highways of the township of Lowe without the co-operation of the commissioners of highways of the township of Lovington; that his lands were located in the township of Lovington, and that he never voluntarily connected his drainage with any ditch or ditches constructed by said drainage district. The court overruled a motion to strike the objections from the files, and the parties having made an agreed statement of facts as above, the objections were sustained by the court and judgment was refused.

Section 76, as amended in 1901, provides for the formation of a drainage district of a township by petition addressed to the commissioners of highways, where the owners of adjoining lands have by voluntary action constructed ditches which form a continuous line or lines and branches. The commissioners are required to examine the lands which will be benefited or damaged by reason of the improvement, and their proceedings are to

205—37

be placed on the drainage records of the township and the district is to be named and numbered. The section also provides for the formation of a district where the lands affected are in two or more townships, and in that case the petition must be filed in the office of the town clerk of each township, who shall give notice to the commissioners of highways of his township and cause notice to be given to the owners of land situated therein. For such a district the commissioners of highways of the several townships are required to hold a joint meeting, and from their number select three who shall be the corporate authorities of the district, and designate the supervisor of one of the townships as treasurer of the district. In this case the district was organized without complying with the provisions of the law. It included lands in the townships of Lowe and Lovington and was organized as a drainage district of the township of Lowe. But although the district was not legally organized it was a *de facto* drainage district, and the legality of the action of the commissioners in organizing it could not be inquired into upon the application of the county collector for the purpose of collecting the assessment. There was a valid law in existence under which such a drainage district might have been lawfully organized, and there was an attempted organization and user of the franchises pertaining to a drainage district. The acts of its officers did not constitute a mere usurpation of power without the authority of any law, but there was an attempt to organize a district which might in law have been organized, and an actual user of the corporate franchise. (*American Loan and Trust Co.* v. *Minnesota and Northwestern Railroad Co.* 157 Ill. 641; 8 Am. & Eng. Ency. of Law,—2d ed.—748.) In *Trumbo* v. *People*, 75 Ill. 561, it was found that a new school district was not legally formed because its boundary was nearer than one mile to a school house in another district, in direct violation of the law authorizing the formation of a new district, but it was held that the

legality of the organization could not be inquired into in the collateral proceeding for the collection of a tax. The same rule was declared in *Osborn* v. *People*, 103 Ill. 224, *Blake* v. *People*, 109 id. 504, *Evans* v. *Lewis*, 121 id. 478, and other cases.

In a collateral proceeding for the purpose of collecting a tax or assessment the court is without power to hear evidence for the purpose of determining whether a *de facto* corporation imposing the tax or levying the assessment was legally organized or not. Counsel for the appellee seem to concede that this is the rule, but they insist that they are not attacking the organization of the district or the right of the commissioners to levy an assessment within that part of the district in the township of Lowe, and they say they are only questioning the validity of an assessment on that portion of the lands in the drainage district which is not in the township of Lowe. They rely upon the decision in *Payson* v. *People*, 175 Ill. 267. In that case the district was established by the county court, which derived its jurisdiction from a statute requiring notice to the owners of lands, and the court was without jurisdiction of one of the owners for want of such notice. There it was held that the action of the court was without jurisdiction, and void, and therefore subject to collateral attack. That case we held not to be within the general rule. But there is no distinction between this case and any other attempt to question the organization of a corporation collaterally. The drainage district was organized as a whole, including lands in two townships, and the illegality affected the district as a whole. The ruling of the court in sustaining appellee's objections was, in fact, a holding that the district was not legally organized, and the objection that it was not so organized could not be made in this proceeding.

The judgment of the county court is reversed and the cause remanded.                    *Reversed and remanded.*