THE PEOPLE *ex rel.* Lou N. Bear, County Collector, Plaintiff in Error, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY *et al.,* Defendants in Error.

*Opinion filed April 22, 1915.*

1. TAXES—*what is power to levy tax.* The power to levy a tax is the power to exact a contribution for a public purpose, and to levy a tax is to impose or assess it upon property and collect it by authority of law.

2. SAME—*township park tax is not to be voted by the electors at the town meeting.* Section 8 of the act of 1911, relating to parks in towns or townships, which provides that the board of park commissioners may levy a township park tax "in the manner that other town or township taxes are required to be levied and collected," does not mean that such tax must be voted by the electors at the annual town meeting.

3. SAME—*legal existence of board of park commissioners can not be questioned in a proceeding to collect tax.* The legal existence of the board of park commissioners cannot be questioned in a proceeding to collect a township park tax levied by it.

4. SAME—*when an objection will not be considered by Supreme Court.* An objection to a tax will not be considered by the Supreme Court in reviewing a judgment for the tax where such objection is not included in the written objections in the county court and was not passed upon there.

WRIT OF ERROR to the County Court of Champaign county; the Hon. W. G. SPURGIN, Judge, presiding.

LOUIS A. BUSCH, State's Attorney, (DOBBINS & DOBBINS, of counsel,) for plaintiff in error.

GREEN, PALMER & JONES, (JOHN G. DRENNAN, and GEORGE B. GILLESPIE, of counsel,) for defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Champaign county applied to the county court for judgment against property described as the Chicago, Havana and Western division of the Illinois Central Railroad Company, and the Peoria and East-

ern Railway division of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, for a township park tax against the said property returned as delinquent. Objections which were identical were filed by the defendants in error, and by agreement the cases were consolidated and heard by the court. The objections were sustained and judgment was refused. A writ of error was sued out of this court to bring the record in review.

The objections were, first, that the township park tax for the year 1913 for which judgment was asked was levied by virtue of the act entitled "An act to establish and maintain parks and parkways in towns and townships," (Laws of 1911, p. 454,) and was not levied by the electors of the township at the annual town meeting; second, that under the act park commissioners may be appointed only in towns where there is not at the time a board of park commissioners invested by law with control over any park lying wholly or partly within said towns; that the city of Champaign, located in the township, levies a tax for the maintenance of said parks and for park purposes, under the act entitled "An act to authorize cities having a population of less than 50,000 to establish and maintain by taxation public parks," (Laws of 1907, p. 432,) and therefore the tax was invalid, as otherwise there would be two separate levies and two separate taxing authorities for the same purpose on the same property in the city of Champaign.

Section 8 of the act of 1911, under which the tax was levied, contains this provision: "For the purpose of providing a fund for the maintenance of said park or parks, the board of park commissioners are hereby authorized to levy annual taxes, not exceeding one mill on each dollar of the valuation of the property of said town or township, as assessed for taxation, in any one year, which shall be levied and collected at the time and in the manner that other town or township taxes are required to be levied and collected." The first objection was based upon the assumption

that if the tax levied by the board of park commissioners
must be levied and collected at the time and in the man-
ner that other town or township taxes are required to be
levied and collected the tax must be voted by the electors
present at the annual town meeting, in accordance with sec-
tion 3 of article 4 of the Township Organization law, giv-
ing power to the electors, at the annual town meeting, to
direct the raising of money by taxation for certain purposes
and for any other purpose required by law.  To levy a tax
is to impose or assess it upon property and collect it by au-
thority of law.  The power to levy a tax is the power to
exact a contribution for a public purpose by compulsion, al-
though in various enactments of the General Assembly pro-
visions for the levy of taxes have been applied especially to
the order or ordinance for the tax or the assessment of it
or some part of the process of charging it on specific prop-
erty.  There is practically the same provision contained in
this act in the case of the tax based on the certificate of
the board of town auditors of claims allowed by that board
which are to be certified by the town clerk to the county
clerk as a tax and which the statute declares shall be levied
and collected as other town taxes.  That does not mean that
the electors at the town meeting must levy the tax.  The
park commissioners made a certificate of an annual tax levy
for the maintenance of public parks of the township at the
rate of one mill on each dollar of the assessed valuation of
property and the town clerk certified the tax to the county
clerk, and that is the method provided by law in the case
of other town or township taxes.  It was not the intention
of the General Assembly, in giving the authority to the park
commissioners to levy a tax, to further provide that the
power should not be exercised by them but by the electors
at the town meeting.  The statute was complied with and
the court erred in sustaining the objection.

The act only authorizes the appointment of a board of
park commissioners in any town or township within whose

limits there is no board of park commissioners invested by law with control over any park lying wholly or in part within the town or township. The second objection stated that limitation and apparently was designed to challenge the legal existence of the board of park commissioners, which could not be done in the collateral proceeding to collect the tax. (*People* v. *Dyer,* 205 Ill. 575.) Counsel say, however, that while they do not admit the existence of the board they do not deny it in this case, but rely only on the fact, which was proved, that the city of Champaign had levied a park tax of $500, so that two municipal corporations were attempting to exercise jurisdiction over the same territory for the same purpose. If such an attempted exercise of jurisdiction would affect the validity of the disputed tax, there was no evidence that any of the property of the objectors was within the city of Champaign. The second objection afforded no ground for refusing the judgment.

It is further contended in argument that the park commissioners were not corporate authorities of the township and therefore could not be invested with power to assess and collect taxes, because the act contains no provision for the submission to the voters of the question of adopting it or establishing a park district and authorizes the appointment of commissioners by the county court, who cannot levy a tax, as held in *Herschbach* v. *Kaskaskia Island Sanitary District,* 265 Ill. 388, and other cases. The written objections filed in the county court did not include any objection on that ground, so that the county court did not decide the question now sought to be raised and it will not be considered here.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*