THE COMMISSIONERS OF BOONE'S POND MUTUAL DRAINAGE DISTRICT, Appellants, *vs.* THE ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellee.

*Opinion filed April 22, 1915—Rehearing denied June 11, 1915.*

1. DRAINAGE—*section 25 of Farm Drainage act, providing for appeal to the circuit court, was repealed by the act of 1909.* Section 25 of the Farm Drainage act, which provided for an appeal to the circuit court if either party was dissatisfied with the classification, was repealed by the act of 1909, which gives the circuit courts concurrent jurisdiction with the county courts in matters pertaining to the organization of drainage districts and provides for an appeal to the Supreme Court from either court.

2. SAME—*what objection cannot be considered by county court on hearing objections to classification.* On appeal to the county court from a re-classification of lands in a mutual drainage dis-

trict, an objection that the district has ceased to exist because its territory has been embraced in a subsequently organized levee district cannot be considered.

3. SAME—*re-classification of lands must be in accordance with justice and right.* If the lands embraced in a mutual drainage district are subsequently crossed by a railroad there may be a basis for a re-classification of the lands under the proviso to section 21 of the Farm Drainage act, added in 1891, but such re-classification must, under the statute, be of all the lands of the district in accordance with justice and right, classifying the land occupied by the railroad as railroad property.

4. SAME—*court need not call a jury if there is no legal classification.* The county court, on appeal from a re-classification of lands in a mutual drainage district, must determine, before calling a jury, whether there is any legal classification, and if there is not, then there is no error in refusing a demand for a jury.

APPEAL from the County Court of Jackson county; the Hon. W. F. ELLIS, Judge, presiding.

R. J. STEPHENS, for appellants.

H. L. BROWNING, and L. O. WHITNEL, (EDWARD J. WHITE, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The question to be decided in this case is whether a re-classification of a part of the lands in the Boone's Pond Mutual Drainage District is valid and a legal basis for an assessment. The district was organized under the Farm Drainage act on July 15, 1899, and all the lands within the district were classified as required by the act. With that classification as a basis an assessment of $7488 was levied to construct the contemplated drainage system, and bonds of the amount of $6500 were issued, registered and sold. The proceeds of the bonds and assessment were applied to the payment of the cost of constructing the ditches of the district. After the system of drainage had been completed the St. Louis Valley railway, which is now the St. Louis,

Iron Mountain and Southern railway, was located across tracts of land within the district and right of way was acquired and the railway constructed. The lands on which it was constructed were subject to the lien of the assessment according to the classification which had been made, and the acreage contained in the right of way was deducted from the acreage of each tract of land crossed. The assessment according to the acreage in the right of way was charged on the collector's book to the railway company for the drainage taxes, which were annually paid by the railway company. The bonds were paid by the district, and the lien of the original assessment on the lands included in the right of way was discharged prior to July 22, 1914. On that date the commissioners adopted a resolution for an improvement consisting of a ditch commencing at a corduroy road and extending to the lock in the old ditch and the cleaning out of the old ditch and cutting off the point at the outlet of Reed's creek, so as to make it intersect and empty into the ditch on more parallel lines. For that purpose the commissioners levied an assessment of $15,389.50, to be apportioned according to the original classification of land and according to the fractional figures as to the railroad and public roads. The assessment against the railway was $500. Then the commissioners proceeded to classify the railroad and public roads and found the whole benefits to be the aggregate sum of $30,725, the benefits to the railroad $1000 and the benefits to public roads $500, and expressed the ratio between the benefits to the whole district and the benefits to the railroad and public roads in fractional figures. They fixed upon a time and place for hearing objections to the classification, and appellee appeared and objected to the classification of the railroad property, and after an adjournment and hearing the objections were overruled and the classification confirmed. The appellee appealed to the county court, and in that court filed eighteen objections to the classification and the assessment based

thereon. The court sustained two of the objections,—the fourth, which was that the assessment was based on an illegal classification, and the fourteenth, that the classification was illegal for the reason that the commissioners failed to classify all the lands within the district but simply attempted to classify a portion of the lands. Judgment was entered against the commissioners, from which they appealed to this court.

The appellee entered its motion to dismiss the appeal on the ground that it was wrongfully taken to this court and should have been prosecuted to the circuit court, and the motion was taken for decision on the submission of the case. Section 25 of the Farm Drainage act as amended in 1901 (Laws of 1901, p. 147,) provided that if either party to the appeal from the classification in the county court should be dissatisfied with the decision rendered by the special jury concerning the classification the county judge might grant an appeal to the circuit court, but the act of 1909 (Laws of 1909, p. 171,) gave to the circuit courts and the superior court of Cook county concurrent jurisdiction with the county courts in all matters pertaining to the organization of farm drainage districts and farm drainage and levee districts and the operation thereof, and section 3 provided that appeals might be taken from the final orders, judgments and decrees of either the county or circuit courts to the Supreme Court. By the later act the provision for appeals to the circuit court was repealed. The motion to dismiss the appeal is denied.

The seventeenth objection filed in the county court was that the classification and assessment were illegal and void for the reason that the territory occupied by the Boone's Pond Mutual Drainage District lies within the limits and boundaries of the Degognia and Fountain Bluff Levee and Drainage District and occupies the same territory for the same purpose. The court did not rule upon that objection, but it is contended that the judgment was right in any

event because that objection was a good one. The facts upon which the objection was based were agreed upon by stipulation at the hearing, and counsel upon both sides have given attention to the objection in their briefs and arguments. The facts agreed upon were, that on August 8, 1910, the county court of Jackson county entered of record an order declaring the Degognia and Fountain Bluff Levee and Drainage District duly established as provided by law; that the Boone's Pond Mutual Drainage District, previously organized, contained 1154 acres, which were surrounded by and included in the Degognia and Fountain Bluff Levee and Drainage District, which embraces an area of approximately 29,000 acres; that the right of way of the appellee across the Boone's Pond Mutual Drainage District is .667 of a mile and its right of way across the Degognia and Fountain Bluff Levee and Drainage District is about fourteen miles in length, and that the appellee has paid $17,-846.90 in assessments upon its right of way and track in the larger district. From these facts it is argued that the organization of the Degognia and Fountain Bluff district, including within its limits the Boone's Pond district, extinguished the smaller district, which was absorbed and had ceased to exist. This objection was one which could not be made, since it was an attack on the corporate existence of the district levying the assessment, which could only be made in a direct proceeding. (*People* v. *Dyer,* 205 Ill. 575; *Shanley* v. *People,* 225 id. 579; *People* v. *Welch,* 252 id. 167; *Aldridge* v. *Matthews,* 257 id. 202.) The court not being authorized to inquire into the existence of the drainage district, the objection was one which could not be entertained.

The authority for making a re-classification of the lands in a drainage district is found in the proviso to section 21 of the Drainage act added by amendment in 1891, (Laws of 1891, p. 102,) which provides that if the commissioners believe, from experience and results, that the former classi-

fication was not or is not fairly adjusted according to the benefits which may be derived from a new or additional assessment, they may make a new classification in accordance with justice and right.  The original assessment was on all the lands that were or now are in the district, and the question is not whether an error in the omission of lands can be corrected without a re-classification of all the lands.  That question not being involved is not decided. The original classification was made before the railroad was built, but the first assessment was charged upon the right of way according to acreage, without regard to benefits conferred upon the lands as railroad property.  The bonds were paid and the former assessment covering a period of years was discharged by payments according to the first classification, but the same lands having been improved by a railroad became railroad property and might derive greater benefit from the system of drainage, so that. the classification might have become unequal and unjust. A new classification, therefore, might be made in accordance with justice and right, but the authority given by the statute was to classify all the lands of the district in accordance with justice and right, classifying appellee's property as railroad property.  The court did not err in sustaining· the fourth and fourteenth objections.

The appellants demanded that the court should call a jury.  It is contended that all the court could do under the statute was to call a jury, but the appellee had a right to have the court determine whether there was any lawful classification to be laid before the jury.  The decision of that question was right and the court did not err in refusing to call a jury.  The court having decided that there was no legal classification, it was not necessary to pass on any other objection.

The judgment is affirmed.         *Judgment affirmed.*