(No. 21024.—

THE CITY OF ALTAMONT, Appellant, *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY, Appellee.

*Opinion filed April 23, 1932.*

STONE, C. J., dissenting.

WALTER C. KLITZING, for appellant.

GRAHAM & GRAHAM, and PARKER & BAUER, (WILLIAM A. EGGERS, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The city council of the city of Altamont, in Effingham county, on June 9, 1930, passed an ordinance requiring railroad companies to maintain flagmen at street intersections and imposing a penalty for non-compliance. Prior to the passage of the ordinance, the Baltimore and Ohio Railroad Company, in obedience to an order of the Illinois Commerce Commission, had installed flash-lights at such crossings or intersections and refused to station flagmen at them. An action against the railroad company to recover the penalty prescribed by the ordinance was brought before a justice of the peace and judgment was rendered in favor of the city for $200. On appeal to the circuit court of Effingham county the railroad company recovered judgment for costs. Since the validity of a municipal ordinance is involved in the case, and the trial judge has certified that in his opinion the public interest so requires, the city prosecutes an appeal directly to this court.

Sub-section 27 of section 1 of article 5 of "An act to provide for the incorporation of cities and villages," approved April 10, 1872, in force July 1, 1872, (Cahill's Stat. 1921, p. 447), expressly confers upon cities and villages organized under the act the power "To require railroad companies to keep flagmen at railroad crossings of streets, and provide protection against injury to persons and property in the use of such railroads." This provision remained unchanged when "An act to provide for the regulation of public utilities," approved June 30, 1913, (Laws of 1913, p. 459) and "An act concerning public utilities," approved June 29, 1921, (Laws of 1921, p. 702), successively became effective. The legislature, by sections 57 and 58 of the

Public Utilities act, authorizing the Commerce Commission to regulate railroad crossings at grade and to make provision for the safety of the public at such crossings, withdrew from cities and villages the power theretofore conferred by sub-section 27 of section 1 of article 5 of the Cities and Villages act to require railroad companies to keep flagmen at grade crossings. *Village of Atwood* v. *Cincinnati, Indianapolis and Western Railroad Co.* 316 Ill. 425; *Northern Trust Co.* v. *Chicago Railways Co.* 318 id. 402; *City of Witt* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 324 id. 494.

Subsequently, the legislature in the years 1925, 1927 and 1929 amended section 1 of article 5 of the Cities and Villages act. The amendatory acts prior to 1929 amended section 1 of article 5, while the act of 1929 amended article 5 by altering sub-sections 24 and 90 of section 12 by making sections of the sub-sections, and by incorporating as sections 103 to 111, inclusive, the sections of article 5 which previously followed section 1. The provision conferring power upon the city council in cities to require railroad companies to keep flagmen at railroad crossings of streets and to provide protection against injury to persons and property in the use of such railroads remained intact in sub-section 27 of section 1 of article 5 of the Cities and Villages act prior to the amendment of 1929, and in section 27 of article 5 by that amendment.

The appellant contends that the amendment of 1929 restored the power to the city council to require railroad companies to keep flagmen at street crossings and that the ordinance is therefore valid. The contention is without merit. By section 2 of the act entitled "An act to revise the law in relation to the construction of the statutes," (Cahill's Stat. 1931, p. 2687; Smith's Stat. 1931, p. 2838), "The provisions of any statute, so far as they are the same as those of any prior statute, shall be construed as a continuation of such prior provisions, and not as a new enact-

ment." When the General Assembly amends a statute and no change is made in parts of it, the repeated portions, either literally or substantially, are regarded as a continuation of the existing law and not as the enactment of a new law upon the subject. (*People* v. *New York, Chicago and St. Louis Railroad Co.* 316 Ill. 452; *People* v. *Lloyd,* 304 id 23; *Svenson* v. *Hanson,* 289 id. 242). Section 27 of article 5 of the Cities and Villages act, with respect to the power here claimed, was therefore a continuation of the provision as originally enacted and left sections 57 and 58 of the Public Utilities act unaffected and unimpaired.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE STONE, dissenting.