(No. 26615.—

WILLIAM KLEMME *et al.*, Appellants, *vs.* DRAINAGE DISTRICT NO. 5 OF THE TOWNSHIP OF CRETE, Appellee.

*Opinion filed September 21, 1942.*

WILLIAM JACOBS, HOWARD C. ROE, and DANIEL HAR-RINGTON, for appellants.

KRUSEMARK and KRUSEMARK, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is a case brought to this court to review an order entered by the circuit court of Will county dismissing an appeal brought to that court from the decision of the commissioners of appellee drainage district confirming the classification of appellants' lands.

The sole issue in this case is whether or not the circuit court has jurisdiction of an appeal by a land owner under section 24 of the Farm Drainage act (Ill. Rev. Stat. 1941, chap. 42, par. 106) from an order of the drainage commissioners confirming classification of his lands. Prior to June 5, 1909, as the Farm Drainage act then stood, it is conceded that the county court had exclusive jurisdiction in such matters. It is also conceded that by an act of the legislature approved and in force June 5, 1909, entitled "An act to give Circuit Courts of this State, and the Superior Courts of Cook County, in term time, and judges thereof in vacation, concurrent jurisdiction with the county courts, in all matters pertaining to the organization of farm

drainage districts, and farm drainage and levee districts, and the operation thereof, and to [repeal] all acts in conflict herewith," (Ill. Rev. Stat. 1941, chap. 37, par. 158,) there was conferred upon circuit courts concurrent jurisdiction with county courts to try appeals of this nature, the above mentioned Court act having modified the Farm Drainage act to this extent by necessary implication. In 1919 sections 24 and 25 of the Farm Drainage act, relating to such appeals, was amended by the legislature and rewritten and changed in many particulars, but that portion thereof in regard to appeals being taken to the county court was retained therein and substantially reenacted as it stood prior thereto. Appellee contends that since the passage of this amendment in 1919 the county court has exclusive jurisdiction of appeals taken under section 24 of the Farm Drainage act, claiming that the amendment of section 24 repealed by implication to that extent the provisions of the Court act of 1909 giving the circuit court concurrent jurisdiction with the county court in drainage matters.

The above-mentioned act of 1909 has been before this court many times, and it has been construed as giving to the circuit courts concurrent jurisdiction with the county courts in all matters pertaining to the organization and operation of farm drainage districts. (*Boone's Pond Drainage District* v. *St. Louis, Iron Mountain and Southern Railway Co.* 268 Ill. 264, 267; *Kline* v. *Barnes,* 250 id. 404, 407; *Mackinaw Drainage District* v. *Martin,* 325 id. 400, 401.) This is not disputed, but the question here presented for our decision is whether the 1919 amendment of section 24 of the Farm Drainage act has withdrawn from the circuit court this jurisdiction insofar as applies to appeals taken under that section. In approaching this question it should be borne in mind that repeals by implication are not favored, and it is only where two statutes are clearly repugnant to each other that the later one operates as a repeal of the former. (*Village of Atwood* v. *Cincinnati, Indianapolis and Western Railroad Co.* 316 Ill. 425; *Peo-*

*ple ex rel. Hall* v. *Pearson,* 314 id. 392.) Moreover, when the General Assembly amends a statute and no change is made in parts of it, the repeated portions, either literally or substantially, are regarded as a continuation of the existing law and not as the enactment of a new law upon the subject. (*City of Altamont* v. *Baltimore and Ohio Railroad Co.* 348 Ill. 339; *People ex rel. Adams* v. *New York, Chicago and St. Louis Railroad Co.* 316 id. 452; *Spiehs* v. *Insull,* 278 id. 184, 187; *People* v. *Lloyd,* 304 id. 23.) It should also be borne in mind that amendments are to be construed together with the original act to which they relate as constituting one law, and also together with other statutes on the same subject, as part of a coherent system of legislation; and this rule is applicable where a later independent statute amends a former statute by implication. The provisions of the amendatory and amended acts are to be harmonized, if possible, so as to give effect to each, and leave no clause of either inoperative. (59 Corpus Juris, par. 645, pages 1094-1095.) Another canon of construction or aid to the ascertainment of the legislative intent is the principle (which, of course, must yield to legislative intent if the same be otherwise,) that a later law which is merely a reenactment of a former law does not repeal an intermediate act which has qualified or limited the first one, but the intermediate act will be deemed to remain in force and to qualify or modify the new act in the same manner as it did the first. 25 R. C. L. p. 935, par. 187.

As section 24 of the Farm Drainage act stood prior to June 5, 1909, the county court had exclusive jurisdiction of appeals from classifications made by the drainage commissioners. The legislature by the passage of the Court act on said last mentioned date withdrew from the county court this exclusive jurisdiction, and authorized the circuit court to exercise concurrent jurisdiction in the matter of such appeals. We cannot say that the legislature in 1919 when amending section 24 and retaining therein substantially the same provision in regard to the jurisdiction of

the county court intended thereby to enact a new law in regard to such jurisdiction, and by such reenactment to repeal by implication the provisions of the Court act as applied to that portion of section 24 repeated in the amendment. Rather, we must say that the legislature by repeating substantially this provision in the amendment intended thereby a continuation of the old law in this respect, in harmony with the Farm Drainage act as a whole and the Court act, as one coherent system of legislation, and that there is no such inconsistency between the Court act of 1909 and the 1919 amendment of section 24 as would repeal the former by implication to any extent. To the same effect are the cases of *People* v. *Shader,* 326 Ill. 145; *Svenson* v. *Hanson;* 289 id. 242; *City of Altamont* v. *Baltimore and Ohio Railroad Co. supra,* where it was held that the reenactment of a portion of a former law did not repeal the provisions of an intermediate act modifying *pro tanto* the original act, but that such reenactment was merely a continuation of the part reenacted, and did not affect or impair the intermediate act. The amendment of section 24 of the Farm Drainage act in 1919 did not restore the exclusive jurisdiction of the county court by reenacting without substantial change that portion of the same providing for appeals from classifications of the drainage commissioners to be taken to the county court, for the reason that the same was not the enactment of a new law in this respect, but a continuation of the old law in regard to the jurisdiction of such appeals, and left the provisions of the Court act of 1909 unaffected and unimpaired.

The trial court therefore erred in sustaining the motion to dismiss for lack of jurisdiction. The order of the circuit court of Will county allowing appellee's motion to dismiss will be reversed and the cause remanded, with direction to overrule said motion, and for further proceedings in accordance with law.

*Reversed and remanded, with directions.*