People of the State of Illinois, Plaintiff-Appellee, v. Mitchell Benton, Defendant-Appellant.

Gen. No. 53,728.

First District, Third Division.

June 18, 1970.

Howard T. Savage, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Reilley, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The defendant, Mitchell Benton, was indicted for the unlawful use of a weapon in violation of Ill Rev Stats 1965, c 38, § 24–1(a)(7). After a non-jury trial he was found guilty and sentenced to a term of three to five years in the penitentiary.

At the time of his arrest on July 14, 1966, Benton was standing on a street corner holding a 12-ounce soft drink bottle which a companion was attempting to ignite. Two Chicago police officers, assigned to a major civil disorder on Chicago's west side, saw the men and approached them from the rear. There was an odor of gasoline in the immediate vicinity. Benton, startled by the officers, threw the bottle to the ground. The bottle was half-filled with a fluid that smelled like gasoline; a rag protruding from its neck was saturated with the fluid. Benton's hands smelled of gasoline. As he was arrested he exclaimed,

"We almost got that wagon." He was referring to a police vehicle, occupied by seven policemen, parked across the street. A subsequent chemical analysis established that the fluid was gasoline.

No question is raised concerning the sufficiency of the evidence. The issue is whether the possession of a device such as Benton had in his hand—which is known as a Molotov cocktail—was a criminal offense in July 1966. The indictment alleged:

> ". . . that on July 14, 1966, . . . Mitchell Benton committed the offense of unlawful use of weapon, in that he, knowingly possessed and carried a bomb containing an explosive substance, to wit: a Molotov cocktail, in violation of Chapter 38, Section 24–1, (a) (7), of the Amended Illinois Statutes, 1965."

The defendant contends that the indictment was faulty in that it charged him with committing an offense which was not in violation of Illinois law. The State contends that the indictment charged an offense in conformity with the applicable statute. The difficulty arises from the fact that the 74th General Assembly passed three acts which amended the existent statute on the unlawful use of weapons. The defendant relies upon one, the State upon another.

At the time the 74th General Assembly convened, the law was as follows:

> "(a) A person commits the offense of unlawful use of weapons when he knowingly:
>
> . . . . . .
>
> "(7) Sells, manufactures, purchases, possesses or carries any weapon from which more than 8 shots or bullets may be discharged by a single function of the firing device." Ill Rev Stats, 1963, c 38, § 24–1, (a) (7).

The first of the acts (House Bill 146) amending this statute was passed in March 1965. The act amended subsections (1) and (7) of section 24-1(a). Subsection (7) was amended by the addition of the following words:

". . . , any shotgun with a barrel less than 18 inches in length, or any bomb, bombshell, grenade, bottle or other container containing an explosive substance, such as but not limited to black powder bombs and Molotov cocktails."

This is the amendment upon which the State relies and under which the defendant was indicted.

The second amendatory act (Senate Bill 454) was passed on June 8, 1965. This act amended subsection (2) of section 24-1(a). The act omitted the Molotov cocktail amendment to subsection (7) which had been adopted in March. The act repeated verbatim the language of (7) as it appeared in the 1963 statute.

The third amendment (House Bill 1022) was passed on June 27, 1965. This amendment added a new subsection, (8), to section 24-1(a). As in the case of Senate Bill 454, this bill omitted the March amendment to subsection (7). Subsection (7) of House Bill 1022 made no mention of a Molotov cocktail; it repeated word for word subsection (7) of the 1963 statute by stating that a person commits the offense of unlawful use of weapons when he knowingly:

"(7) Sells, manufactures, purchases, possesses or carries any weapon from which more than 8 shots or bullets may be discharged by a single function of the firing device."

This is the amendment upon which the defendant relies. ▇▇▇ House Bill 1022 was the last legislative enactment in 1965 on the subject of unlawful use of weapons. In asserting that the possession of a Molotov cocktail was not a violation of Illinois law, the defendant points to the well-recognized rule that when inconsistent amend-

390

ments to the same statute are adopted at the same session of the legislature, the later amendment in point of time controls. S. Buchsbaum & Co. v. Gordon, 389 Ill 493, 59 NE2d 832 (1945). This rule becomes operative only if it is impossible to give effect to both amendments. Two acts passed at the same session of the legislature are not to be construed as inconsistent if it is possible to construe them otherwise. People v. Village of Oak Park, 372 Ill 488, 24 NE2d 571 (1939). For a later act to operate as a repeal by implication of an earlier one, there must be such manifest and total repugnance that the two cannot stand together. People v. Metropolitan Sanitary Dist., 14 Ill2d 271, 150 NE2d 361 (1958). It is only where there is such a clear repugnance between the acts that the provisions of both cannot be carried into effect that the later law must prevail. People v. Holderfield, 393 Ill 138, 65 NE2d 443 (1946). The fundamental question, as in all cases of statutory construction, is the intention of the legislature rather than the chronological priority of the acts. People v. Southern Ry. Co., 17 Ill2d 550, 162 NE2d 417 (1959).

 The acts passed in the 1965 legislative session amending section 24-1(a) were not repugnant to each other. Each one amended different subsections of section 24-1(a). The first act (HB 146) changed subsections (1) and (7); the second act (SB 454) amended subsection (2), and the third act (HB 1022) added a new subsection. The amendments were cumulative, not contradictory; all three can be given effect. The fact that the last two acts did not repeat the subsection (7) amendment is of no consequence; the fact that they were not inconsistent with it is of major consequence. In People v. Chatman, 38 Ill2d 265, 230 NE2d 879 (1967), the court considered two legislative amendments to section 28-1, c 38, Ill Rev Stats 1963. The first amendment changed the penalty provision of subsection (c); the second amended subsection (a)(5) and added a new

391

subsection (d), but it ignored the prior amendment to subsection (c). Since the second amendment, which was later in time, left the old penalty provision of subsection 28–1 unchanged, the defendant contended that the revised penalty provisions set forth in the first amendment were repealed. The court held that the amendments were not in conflict and that it was possible to give effect to both. In People v. Lloyd, 304 Ill 23, 136 NE 505 (1922), the court was also confronted with two amendments to section 46 of the Criminal Code passed by the same session of the legislature. One changed the pre-existing law as to the penalty for conspiracy and the other exempted farmers from the operation of section 46. It was contended that the amendment exempting farmers, being the last amendment, repealed the new penalty for the offense. The court rejected this contention and held that the legislature intended to enact two separate and unrelated laws, one relating to the penalty and the other removing the activities of farmers and others from the operation of section 46.

■ ■ The failure of SB 454 and HB 1022 to incorporate within their acts the Molotov cocktail amendment does not indicate that it was the intention of the legislature to repeal that amendment. Each of the amendatory acts repeated section 24–1 (a) in its entirety. This was in compliance with the constitution of our state which prohibits the amendment of a statute by reference to its title only and requires that the section amended shall be inserted at length in the new act. Article IV, section 13, Constitution of Illinois, 1870. The three acts, therefore, not only set forth the subsection they were amending, they also set out in full the subsections they were not amending.

■ ■ In ascertaining the intention of the legislature the whole record of the legislature, including acts passed at subsequent sessions, can be taken into consideration.

People v. Southern Ry. Co., supra. The intention of the 74th General Assembly in reference to the three amendatory bills is further seen by the action taken by the 75th General Assembly. The 1967 session of the legislature confirmed the action of the 1965 legislature by passing bills which included all the 1965 amendments. Ill Rev Stats 1967, c 38, § 24-1(a). See also HB 1019, 75th General Assembly, 1967.

█ We conclude that the 1965 legislature intended to make the possession of a Molotov cocktail a criminal offense and that this law was in effect in July 1966 at the time of the defendant's arrest.

The judgment of conviction is affirmed.

Affirmed.

SCHWARTZ and McNAMARA, JJ., concur.