(No. 46972

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. NORMAN R. BULLARD, Appellee.

*Opinion filed September 26, 1975.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel, Assistant Attorney General, and Patrick T. Driscoll, Jr. and Edward J. Ozog, Assistant State's Attorneys, of counsel), for appellant.

No appearance for appellee.

Theodore A. Gottfried, State Appellate Defender, Office of State Appellate Defender, of Springfield, *amicus curiae*.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, Norman R. Bullard, was charged in the circuit court of Cook County with operating a motor

vehicle while under the influence of intoxicating liquors in violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501(a)). He later moved to suppress the results of a breath analysis test administered to him. The trial court held section 11—501.1 (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1) as amended by section 27 of Public Act 78—255 (Laws of 1973, p. 845) unconstitutional. The appeal was taken directly to this court (58 Ill.2d R. 302(a)) from the order suppressing the results of the test. 58 Ill.2d R. 604(a)(1).

Public Act No. 78—255 is captioned "1973 Revisory Bill" with a subheading "Combines Multiple Forms of Sections Amended 2 or More Times by 77th General Assembly—Makes No Substantive Change." The Act then contains amendments to many different laws. Section 27 of the Act recites: "Section 11—501.1 of 'The Illinois Vehicle Code', approved September 29, 1969, as amended, is amended to read as follows: ***." The revised section is then set forth in full. Defendant contended and the trial court held that section 27 of Public Act No. 78—255 was not in fact a revisory bill but made a substantive change in section 11—501.1; that the Act was not confined to one subject but amended many different laws and was therefore in violation of section 8(d) of article IV of the Constitution of 1970, which provides:

"Bills, except bills for appropriations and for the codification, revision or rearrangement of laws, shall be confined to one subject."

The defendant relied on our recent decision in *Fuehrmeyer v. City of Chicago* (1974), 57 Ill.2d 193. This reliance was misplaced because Public Act No. 78—255 is plainly a revisory act and does not make a substantive change in section 11—501.1 of the Illinois Vehicle Code. It is therefore specifically exempt from the single subject requirement of section 8(d) of article IV of the 1970 Constitution.

After holding Public Act No. 78—255 unconstitu-

tional the court applied what it considered to be the last amendment to section 11—501.1 and found that its provisions had not been complied with because the breath analyses to determine the alcoholic content of the defendant's blood were administered *more* than 15 minutes apart.

The 77th General Assembly passed three acts relating to section 11—501.1. Public Act No. 77—1800 added this section to the Illinois Vehicle Code. As set forth in this act section 11—501.1 is designated "Suspension of license— Implied Consent." (Laws of 1972, p. 1.) Subsection (a) provides that any person who drives a motor vehicle anywhere within this State thereby consents to take a test or chemical analysis of his breath to determine the alcoholic content of his blood. Such test shall consist of two analyses taken not *less* than 15 minutes apart. This section further provides that the arrested person must be informed that the two breath analyses shall be administered not *more* than 15 minutes apart.

Public Act No. 77—1881, also enacted by the 77th General Assembly, amended section 11—501.1. (Laws of 1972, p. 223.) Section 5 of "An Act *** in relation to the construction of the statutes" (Ill. Rev. Stat. 1973, ch. 131, par. 4.1) provides that in construing an amendatory act printed in any volume of the session laws published after January 1, 1969, matter printed in italics shall be construed as new matter added by the amendatory act, and matter shown crossed with a line shall be construed as matter deleted. Several additions and deletions to section 11—501.1 as originally enacted by Public Act No. 77—1800 are so indicated in Public Act No. 77-1881. The only change relevant to this case is found in the provision concerning the advice to be given to the arrested person. Public Act. No. 77—1881 deletes the word "more" and adds the word "less" so that the act requires that the arrested person be advised that the two breath analyses shall be administered not *less* than 15 minutes apart. The provision of the original act that the two breath analyses

shall be taken not *less* than 15 minutes apart remained unchanged. Thus the inconsistencies in the two provisions of the original act were corrected. Public Act No. 77—1881 was passed in the General Assembly June 20, 1972, and approved June 29, 1972.

Public Act No. 77—1884 amending section 11—501.1 was also enacted by the 77th General Assembly. (Laws of 1972, p. 235.) The only change that this act made as indicated by *italics* or *strikeouts* *relates to the effective date* of section 11—501.1. Otherwise, this act reproduces completely the provisions of the original act (Public Act No. 77—1800) including the inconsistencies corrected by Public Act No. 77—1881. This act was passed by the General Assembly June 29, 1972, and approved June 30, 1972. Thus this act was the last amendment to section 11—501.1 prior to the Revisory Act, Public Act No. 78—255. After holding the Revisory Act invalid the trial court held that the provisions of the last amendment to section 11—501.1 (Public Act No. 77—1884) controlled. Since the breath analyses had been administered to the defendant more than 15 minutes apart (they had been administered 16 minutes apart) and since the court found that the applicable amendment required the defendant to be advised that the tests would be administered less than 15 minutes apart, the court determined that the statute had not been complied with and the results of the tests were therefore not admissible in evidence. Actually the record does not reflect what the defendant was advised, but it does reflect that the requirement of the statute that the tests be administered not less than 15 minutes apart was complied with.

The complete answer to the issues in this case and an explanation of how the apparent inconsistencies in Public Act No. 77—1881 and Public Act No. 77—1884 developed is to be found in the language of this court in *People ex rel. Brenza v. Fleetwood* (1952), 413 Ill. 530, 547-548:

"The question thus presented is not a new

one. Its frequent recurrence is due to the practical situation which confronts the General Assembly. Section 13 of article IV of the Illinois constitution [1870] requires that when an existing statute is to be amended 'the section amended, shall be inserted at length in the new act.' So each bill which proposes to amend an existing statute must include not only the language necessary to effect the desired change, but must also repeat all the other provisions of the section being amended, even though they have no direct bearing upon the subject matter of the amendment. And when, as has frequently happened, two unrelated amendments to the same section are adopted at a single session of the General Assembly, the repetition in each bill of those provisions of the existing law which that particular bill does not propose to change will give rise to a surface inconsistency.

The principles governing the solution of these problems have become settled. It is established that when the General Assembly amends a statute, portions of the old law which are repeated, either literally or in substance, are regarded as a continuation of the existing law and not the enactment of new law upon the subject. (Ill. Rev. Stat. 1951, chap. 131, par. 2; *S. Buchsbaum & Co. v. Gordon,* 389 Ill. 493; *People v. Lloyd,* 304 Ill. 23; *Svenson v. Hanson,* 289 Ill. 242.) Amendments are to be construed together with the original act to which they relate as constituting one law, and are also to be considered together with other statutes upon the same subject as a part of a coherent system of legislation. (*S. Buchsbaum & Co. v. Gordon,* 389 Ill. 493; *Klemme v. Drainage District No. 5,* 380 Ill. 221.) In the absence of legislative intent to the con-

trary, and where the two acts are not so inconsistent that both cannot stand and be given effect, a later law which is merely a re-enactment of a former law does not repeal an intermediate act which has qualified or limited the first one, but the intermediate act will be deemed to remain in force and to qualify or modify the new act in the same manner as it did the first. *S. Buchsbaum & Co. v. Gordon,* 389 Ill. 493.

The mechanical approach which the objector here urges upon us—a reading of the two amendments to determine literal inconsistency, followed by an automatic enforcement of the one which was adopted last in point of time—has been rejected by this court. Where acts passed at the same session of the legislature contain conflicting provisions, we have held that the whole record of the legislation is open to examination in order to ascertain the legislative intent. And when that intent is ascertained, it is given effect, irrespective of priority of enactment."

The General Assembly has adopted these principles of statutory construction by the enactment of section 6 of "An Act to revise the law in relation to the construction of the statutes." (Ill. Rev. Stat. 1973, ch. 131, par. 4.2.) This section became effective October 1, 1972. It requires that two or more acts which relate to the same subject matter enacted by the same General Assembly shall be construed together in such a manner as to give effect to each except in case of an irreconcilable conflict, in which case the act last acted upon by the General Assembly is controlling to the extent of such conflict. An irreconcilable conflict exists only if the amendatory act made inconsistent changes in the section as it theretofore existed.

The changes made by Public Act No. 77—1881 and Public Act No. 77—1884 do not constitute irreconcilable conflicts. It is quite apparent that Public Act No.

77—1800, which was the original enactment of the implied consent requirements of section 11—501.1, contained inconsistent provisions in that the arrested person was to be told that two breath analyses would be administered not *more* than 15 minutes apart whereas they were required to be administered not *less* than 15 minutes apart. Public Act No. 77—1881 corrected this inconsistency as well as other errors in the original act. Public Act No. 77—1884 does not purport to amend section 11—501.1 as amended by Public Act No. 77—1881; rather, it purports to amend the original act and indicates that the only change to be made in the original is in the effective date.

Section 8(d) of article IV of the Constitution of 1970 also requires that "a bill expressly amending a law shall set forth completely the sections amended." The sections completely set forth in Public Act No. 77—1884 are those which were contained in Public Act No. 77—1800 and not those in Public Act No. 77—1881. Thus it is clear that the intention of the legislature by the enactment of Public Act No. 77—1884 was to amend the original act as to the effective date only and not to reenact the inconsistencies that had been eliminated by Public Act No. 77—1881. To find the true intention of the legislature both Public Act No. 77—1881 and Public Act No. 77—1884 must be read together. The fact that Public Act No. 77—1884 was the last amendment of this section of the Code does not automatically make its provisions controlling to the exclusion of the provisions of Public Act No. 77—1881.

Under this interpretation the provision of section 11—501.1 of the Code, as amended, requires that the arrested person be informed that the two breath analyses will be administered not *less* than 15 minutes apart and that they in fact be administered not *less* than 15 minutes apart. Both of these provisions were included in Public Act No. 78—255, which was a revisory act properly incorporating the provisions of both of the prior amendments to this section of the Illinois Vehicle Code. This revisory act did

not contain new matter and therefore did not violate the prohibitions of section 8(d) of article IV of the Constitution of 1970. The trial court erred in holding Public Act No. 78—255 invalid and erred in suppressing the results of the test of the defendant's breath to determine the alcoholic content of his blood. The judgment of the circuit court of Cook County is therefore reversed and the cause is remanded for further proceedings.

This case does not involve the problem with which we were concerned in *People v. Todd,* 59 Ill.2d 534. That case involved the taking of blood samples from operators of motor vehicles to determine the alcoholic content of their blood. Although section 11—501(c)(3) of the Illinois Vehicle Code requires that both blood and breath tests be made "with the consent of the person as provided by this Chapter" (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501(c)(3)) no method of giving consent to the taking of the blood tests was provided, whereas section 11—501.1, considered in this opinion, specifies in detail the consent procedures relating to a breath analysis.

*Reversed and remanded.*