GUS PFLUGMACHER, Plaintiff-Appellee, v. JERRY COSENTINO, Treasurer of the State of Illinois, *et al.*, Defendants-Appellants.

Fourth District   No. 4—87—0478

Opinion filed February 11, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and William D. Frazier, Assistant Attorney General, of Chicago, of counsel), for appellants.

Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield (William S. Hanley and Michael A. Myers, of counsel), for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

On June 2, 1987, plaintiff Gus Pflugmacher filed a complaint in the circuit court of Sangamon County seeking a writ of *mandamus* to order defendants Jerry Cosentino, treasurer of the State of Illinois (Treasurer), and Michael Tristano, director of Central Management Services (Director), to reinstate plaintiff to a position in the office of the Treasurer. Upon issue being drawn, both parties moved for summary judgment. On July 10, 1987, the court entered summary judgment for the plaintiff. Defendants have appealed. We affirm.

The facts of the case are undisputed. Prior to April 1, 1983, plaintiff held a position in the office of the predecessor to the defendant Treasurer. At that time, section 8b.18 of the Personnel Code (Code) (Ill. Rev. Stat. 1981, ch. 127, par. 63b108b.18) provided that certain middle management positions in various offices subject to the Code could be filled by the employer by appointments for a term of four years, with the employer having the power to refuse to renew the appointment at the end of that term. On April 1, 1983, the then Treasurer appointed plaintiff to such a position. That term expired on April 1, 1987; at that time, the Treasurer refused to renew plaintiff's appointment and discharged him. Defendants contend that plaintiff's discharge was proper, because the foregoing legislation was still in force and gave the Treasurer discretion in regard to plaintiff's continuation in service. Plaintiff maintains that section 8b.18 had then been repealed, thus returning the position he held to the civil service status under the Code and preventing the Treasurer from discharging him without cause.

Determination of whether section 8b.18 of the Code has been repealed requires consideration of various legislative enactments. They must be viewed in the context of the following provisions of sections 5 and 6 of "An Act to revise the law in relation to the construction of the statutes:"

> "In construing an amendatory Act printed in any volume of the session laws published after January 1, 1969, matter printed in italics shall be construed as new matter added by the amendatory Act, and matter shown crossed with a line shall be construed as matter deleted from the law by the amendatory Act."

(Ill. Rev. Stat. 1981, ch. 1, par. 1104.)

"Two or more Acts which relate to same subject matter and which are enacted by the same General Assembly shall be construed together in such manner as to give full effect to each Act except in case of an irreconcilable conflict. In case of an irreconcilable conflict the Act last acted upon by the General Assembly is controlling to the extent of such conflict. ***

An irreconcilable conflict between 2 or more Acts which amend the same section of an Act exists only if the amendatory Acts make inconsistent changes in the section as it theretofore existed.

The rules of construction provided for in this section are applicable to Acts enacted by the same General Assembly throughout the 2 year period of its existence." (Ill. Rev. Stat. 1981, ch. 1, par. 1105.)

Also of significance is article IV, section 8(d), of the Illinois Constitution of 1970, which states in part:

"A bill expressly amending a law shall set forth completely the sections amended." Ill. Const. 1970, art. IV, §8(d).

The first legislation which concerns the specific problem before us is Public Act 81—1002, which became effective January 1, 1980. Section 1 thereof was in italics and created section 8b.18 of the Code (Ill. Rev. Stat. 1981, ch. 127, par. 63b108b.18). (1979 Ill. Laws 3811, 3812.) Section 2 was in ordinary type and provided that section 8b.18 was to be repealed January 1, 1984. (1979 Ill. Laws 3811, 3813.) The effect of the Act was to make section 1 a part of the Code, but to provide for a "sunset" date or date of repeal which was not a part of the Code but which was contained only in Public Act 81—1002. Next, the General Assembly enacted Public Act 82—789, effective July 13, 1982 (1982 Ill. Laws 1259), which made substantive changes in section 8b.18 of the Code, but did not purport to change section 2 of Public Act 81—1002.

The next General Assembly then enacted four more pieces of legislation which are crucial to our decision. The first was Public Act 83—98, effective August 18, 1983 (1983 Ill. Laws 1384), which amended section 2 of Public Act 81—1002, to change the date of repeal from January 1, 1984, to October 1, 1986. The bill printed the new repealer date in italics and also included the former repealer date with a line through it. No mention was made of section 8b.18 of the Code. Then came Public Act 83—1362, effective September 11, 1984. (1984 Ill. Laws 1703.) It was a revisory bill to correct technical errors and make nonsubstantive revisions in many different laws. Article IV, section 37, of this Act amended section 8b.18 of the Code by adding the following

words which appeared in italics: "this section is repealed October 1, 1986." (1984 Ill. Laws 2558, 2559.) The significance here of this legislation was to make the repealer provision of Public Act 81—1002, as amended by Public Act 83—98, a part of section 8b.18 of the Code.

At this point it is important to recognize that statutory law is created by conformance with the requirements of sections 8 and 9 of article IV of the Illinois Constitution of 1970 (Ill. Const. 1970, art. IV, §§8, 9). Not all laws are published by the work known as Illinois Revised Statutes or by other compilers of statutes. Here Public Act 81—1002 was shown in Illinois Revised Statutes only to the extent that it provided for section 8b.18 of the Code. Not until September 11, 1984, when Public Act 83—1362 became effective, did the repealer provision of Public Act 81—1002 as amended become a part of section 8b.18 of the Code and, not until publication of Illinois Revised Statutes taking cognizance of the change in the Act, would the repealer date be shown in those publications.

Shortly after the enactment of Public Act 83—1362, Public Act 83—1369 was enacted bearing the same effective date of September 11, 1984 (1984 Ill. Laws 2622), as Public Act 83—1362. Section 2 of Public Act 83—1369 purported to amend section 8b.18 of the Code by stating that section was "amended to read as follows"; and then by restating the provisions of section 8b.18 as subparagraph (a) thereof and by adding a new subparagraph (b) which made additional personnel subject to the four-year term provision. Subparagraph (a) was in ordinary print, and subparagraph (b) was in italics. (1984 Ill. Laws 2622, 2623-24.) The repealer provision was not contained in or referred to in Public Act 83—1369. Finally, an additional revisory bill, Public Act 83—1528, effective January 15, 1985, was enacted. (1984 Ill. Laws 4159.) Section 53 of this Act sets forth the provisions of section 8b.18 as shown in Public Act 83—1369 and then shows the repealer clause set forth in Public Act 83—1362 with a line through those words. (1984 Ill. Laws 4159, 4347-48.) Section 53 then makes reference to Public Acts 83—1362 and 83—1369. Section 54 of Public Act 83—1528 purports to repeal Public Act 81—1002. 1984 Ill. Laws 4159, 4348.

Public Act 83—98 created an effective repealer date of October 1, 1986, for the four-year appointment term provisions of Public Act 81—1002, and Public Act 83—1362 made that provision applicable to section 8b.18. If these provisions were in force on October 1, 1986, section 8b.18 became ineffective on that date, plaintiff reverted to civil service status upon the expiration of his four-year term on April 1, 1987, and the termination of his employment was improper. However, defendants contend that Public Acts 83—1369 and 83—1528 had repealed the re-

pealer provision before October 1, 1986, keeping section 8b.18 in force and leaving plaintiff subject to the discretionary appointment for a four-year term provision and without grounds to complain of his discharge.

As we have previously explained, the last four bills were enacted by the same General Assembly. The dispute as to which are effective brings into play section 6 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1985, ch. 1, par. 1105), which states that enactments of the same General Assembly shall be reconciled if possible; but, if that is not possible, the latter enactment shall prevail. Plaintiff maintains the various enactments can be reconciled to provide for a repeal of section 8b.18 of the Code. Defendants assert the failure to insert the repealer provision of section 8b.18 of the Code in Public Act 83—1369, particularly when viewed in the light of the express provisions of Public Act 83—1528, can only be taken as a repeal of the repealer provision, thus leaving section 8b.18 intact after October 1, 1986. According to defendants, an irreconcilable conflict is created by the four public acts; and the latter two, keeping section 8b.18 intact at the time plaintiff was discharged, should prevail.

Were Public Act 83—1528, the last enactment, not a revisory bill, our decision would be different. However, as we will subsequently explain, a revisory bill has limited effect. Accordingly, we discuss first the question of whether Public Act 83—1369, the next to last enactment, brought about a repeal of the repealer provision of section 8b.18.

■ Citing *People v. Swets* (1962), 24 Ill. 2d 418, 182 N.E.2d 150, defendants maintain that the repealer provision did not have to be restated in Public Act 83—1369 in order to repeal that provision. There, the supreme court held that an amendatory act was not required by section 13 of article IV of the Illinois Constitution of 1870 (Ill. Const. 1870, art. IV, §13) to restate the portion of the former act which was to be deleted. Section 13 of article IV contained virtually the same language as the previously cited section 8(d) of the Illinois Constitution of 1970 (Ill. Const. 1970, art. IV, §8(d)). Assuming, *arguendo*, that stating the words to be deleted and indicating they are to be deleted by crossing them with a line or otherwise is not necessary to remove such words from a statute, we conclude, nevertheless, that under the circumstances here the repealer provision was not repealed by Public Act 83—1369.

■ Section 6 of "An Act to revise the law in relation to the construction of the statutes" requires us, if possible, to construe Public Acts 83—98, 83—1362, and 83—1369 in "such manner as to give full effect to each." In doing so, we are permitted to examine the whole

legislative record. (*People v. Bullard* (1975), 61 Ill. 2d 277, 282, 335 N.E.2d 465, 468.) As pointed out by plaintiff, Public Act 83—1369 was enacted shortly after Public Act 83—1362, and neither became effective until September 11, 1984. Thus, during the entire time Public Act 83—1369 was before the same General Assembly and at the time of its enactment, the repealer provision was not part of section 8b.18 of the Code, and it is questionable as to whether the language of the repealer provision could properly have been included as part of the existing section 8b.18. As the repealer provision was then only a part of Public Act 81—1002, as amended, the General Assembly could have deemed Public Act 81—1002, as amended, sufficient to retain the provision for repeal.

Some argument can be made that the General Assembly would not logically add new categories to the term-appointment provision when the section 8b.18 of the Code would terminate in a little less than two years. However, the format by which section 8b.18 was created, with a termination date built in, indicates the legislation was an experiment, and the legislature wished to require affirmative action to keep it alive. (See 83d Ill. Gen. Assem., House Proceedings, May 25, 1983, at 240.) The legislature had taken affirmative action to keep it alive by extending the repeal date for a short period. The enlargement of the categories of positions subject to four-year discretionary appointment was consistent with a repeal date of October 1, 1986, because another session of the General Assembly would have had full chance to examine the desirability of repeal before the repealer took effect on October 1, 1986.

While under *People v. Swets* (1962), 24 Ill. 2d 418, 182 N.E.2d 150, language may be severed from an act by passage of a bill which restates the language intended to remain in the act, conformity to the provisions of section 5 of "An Act to revise the law in relation to construction of the statutes" (Ill. Rev. Stat. 1981, ch. 1, par. 1104), by including the matter to be deleted and then running a line through it, gives a clearer message of an intent to eliminate that matter. Such a procedure would also comply with a Senate rule prevailing during the 83d General Assembly (Senate Rule 58, 83d Ill. Gen. Assem.). The failure of the General Assembly to follow that practice here casts further doubt on the intent of the General Assembly to repeal the repealer provision of section 8b.18 by Public Act 83—1369.

We conclude Public Acts 83—98, 83—1362, and 83—1369 can be consistently construed in such a way that Public Act 83—98 created an October 1, 1986, repeal date for section 8b.18; Public Act 83—1362 placed that repealer provision in section 8b.18; and Public Act 83—1369 added new provisions to section 8b.18, but did not repeal the re-

pealer provision.

Finally, we consider Public Act 83—1528. In section 1 of article I, it stated:

> "This Act shall be known and may be cited as the Second 1984 Revisory Act.
>
> This Act is intended to make nonsubstantive revisions in the law and if any Section of an Act amended by this Act is also amended or repealed by any other Act or Acts of the 83rd General Assembly, the changes made by this Act are not intended to prevail over conflicting changes made by such other Act or Acts." (1984 Ill. Laws 4159.)

The legislation covers many subjects, as it is permitted to do by article IV, section 8(d), of the Illinois Constitution of 1970, because it does not purport to make substantive changes in the law. Defendants contended that, nevertheless, its language in speaking of repealing the repealer provision of both section 8b.18 and Public Act 81—1002, as amended, shows a legislative intent that Public Act 83—1369 repealed it, thereby creating an irreconcilable inconsistency between the enactments of Public Acts 83—98 and 83—1362 and Public Acts 83—1369 and 83—1528.

■■■ We recognize a revisory act may be considered to determine the meaning of an act it purports to revise. (*People v. Benton* (1970), 126 Ill. App. 2d 386, 261 N.E.2d 793.) The force of any such argument here is greatly reduced by section 1 of article I of Public Act 83—1528, which states that its changes "are not intended to prevail over conflicting changes made by such other Act or Acts" by the General Assembly (1984 Ill. Laws 4159, (effective January 17, 1985)). Thus, the strong statutory mandate to reconcile these various enactments by the 83d General Assembly, coupled with the inference which supports a conclusion that the General Assembly did not intend to repeal the repealer clause, overcomes any contrary inferences arising from Public Act 83—1528. We hold that section 8b.18 expired on October 1, 1986, and was not in force on April 1, 1987, when the purported discharge was made.

Affirmed.

LUND and SPITZ, JJ., concur.